## Packel *v.* Takiff.

Argued April 29, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Walter M. Phillips, Jr.,* Assistant Attorney General, and *Israel Packel,* Attorney General, for petitioner.

*F. Emmett Fitzpatrick* and *Henry W. Sawyer, III,* with them *Drinker, Biddle & Reath,* for Harry A. Takiff, J.

OPINION BY MR. JUSTICE EAGEN, July 1, 1974:

On January 31, 1974, the Honorable Harry A. Takiff, a Judge of the Court of Common Pleas of Philadelphia, on his own motion, charged the regularly summoned grand jury for the January, 1974 session of the Court of Common Pleas, Criminal Trial Division, of Philadelphia, to investigate official corruption in the City of Philadelphia, specifically within the city government, as well as state and local enforcement agencies. Subsequently, the Honorable Israel Packel, Attorney General of the Commonwealth of Pennsylvania, filed a petition in this Court requesting that we enter a declaratory judgment pursuant to the provisions of the Uniform Declaratory Judgment Act, Act of June 18, 1923, P. L. 840, as amended, 12 P.S. §831 et seq., "determining the validity or invalidity of the grand jury." Contemporaneously, the Attorney General filed a second petition in this Court asking that we assume original jurisdiction of the petition seeking declaratory judgment under the authority given in Sections 2 and 10(a)

of Article V of the Pennsylvania Constitution, and Section (1) of the Schedule to Judiciary Article, Sched. Art. V, §1, of the Pennsylvania Constitution, and by the Appellate Court Jurisdiction Act of 1970, Act of July 31, P. L. 673, No. 223, art. II, §205, 17 P.S. §211.205 (Supp. 1974).

In the petition seeking a declaratory judgment, the Attorney General calls our attention to the action of Judge Takiff in charging the grand jury, as before related, and asserts: (1) that the District Attorney of Philadelphia has failed and refused to comply with an order of Judge Takiff "to attend the grand jury and to forthwith perform all duties and responsibilities in connection therewith;" (2) that as Attorney General he has been requested by the Honorable D. Donald Jamieson, President Judge of the Court of Common Pleas of Philadelphia, "to supply a special attorney or attorneys to act in lieu of the district attorney" in attending the grand jury, and that in "the interests of justice and of conservation of money and energies" he is reluctant to honor Judge Jamieson's request until the validity or invalidity of the grand jury is determined by this Court.[1]

We deny the petitions for the following reasons: (1) The Attorney General is obviously seeking an advisory opinion, and judgments that are merely advisory are not within the contemplation of the Uniform Declaratory Judgment Act, Act of 1923, supra. See *Johnson Estate*, 403 Pa. 476, 171 A.2d 518 (1961), *Capital Bank & Trust Company Petition*, 336 Pa. 108, 6 A.2d

---

[1] The merit of these petitions was the subject of oral argument before this Court on April 29, 1974. On May 8th, we received a letter from the Attorney General enclosing a copy of a letter he had forwarded to President Judge JAMIESON as of May 1st, advising that he was "complying with your request and directing the Special Prosecutor and his staff to man the Takiff Grand Jury and to proceed without delay."

790 (1939), *Ladner v. Siegel*, 294 Pa. 368, 144 A. 274 (1928), and *Kariher's Petition (No. 1)*, 284 Pa. 455, 131 A. 265 (1925); (2) The Uniform Declaratory Judgment Act, Act of 1923, supra, does not authorize the entry of judgments in criminal matters.

Petitions denied.

Mr. Justice NIX and Mr. Justice MANDERINO concur in the result solely because they agree that under the facts of this case the request is clearly an attempt to obtain an advisory opinion.