Michael Myers, State Representative from the 184th Legislative District, and Oscar Rosario, Member of the Philadelphia Regional Planning Council, Plaintiffs, v. Robert P. Kane, Attorney General of Pennsylvania; Walter Phillips, Jr., Deputy Attorney General and Special Prosecutor for Philadelphia County; John Snavely, Executive Director of the Governor's Justice Commission; and Col. John D. Barger, Major John D. Case, Hon. K. LeRoy Ervis, James McCoughey, William Nagel, Hon. Richard A. Snyder, Leo P. Weir, Hon. Helene Wohlgemuth, Members of the Governor's Justice Commission, Defendants.

Argued January 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

214

*Vincent J. Ziccardi,* for plaintiffs.

*J. Donald McCarthy,* Assistant Attorney General, with him *Harry S. Tischler,* Assistant Attorney General, *Morris J. Solomon,* Deputy Attorney General, *M. Faith Angell,* Deputy Attorney General, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, February 5, 1976:

The funding of the Office of Special Prosecutor, Walter M. Phillips, Jr., through Federal Law Enforcement Assistance Administration (LEAA) grants is the subject of this complaint in equity, which is but another episode in the continuing controversy surrounding this office.[1]

The Attorney General and other public officers and officials named as defendants have filed sundry prelimi-

1. Other cases which afford background facts and dispose of other issues are: *Investigation of January 1974 Philadelphia County Grand Jury,* Pa. , 328 A.2d 485 (1974); *Packel v. Mirarchi,* Pa. , 327 A.2d 53 (1974); *Packel v. Takiff,* 457 Pa. 14, 321 A.2d 649 (1974); *Gwinn v. Kane,* 19 Pa. Commonwealth Ct. 243, 339 A.2d 838 (1975), *aff'd,* Pa. , A.2d (No. 467 January Term, 1975, filed November 26, 1975).

nary objections to plaintiffs' complaint, one of which is in the nature of a demurrer for failure to state a cause of action. As we agree that plaintiffs' complaint is insufficient and not asserted to be amendable, nor do we believe it to be so, we must dismiss the complaint and need not pass upon the other objections.

The essence of plaintiffs' complaint as a matter of law is that (a) in approving the grant of LEAA funds to this use and purpose, the Governor's Justice Commission violated its own procedures for the approval of applications for LEAA grants administered by the Commission, and (b) in applying to the Law Enforcement Assistance Administration, U. S. Department of Justice, the defendants, or some of them, misrepresented material facts regarding matching funds, i.e., violated pertinent Federal regulations.

The Federal Crime Control Act of 1973, 42 U.S.C. §3701 et seq., encompasses a program intended to provide funds for comprehensive planning and implementation of projects by State and local governments for the improvement of law enforcement and criminal justice. LEAA was created to administer the program and has adopted regulations under the Federal legislation.

At the State level, the Governor's Justice Commission is structured consistent with LEAA requirements and currently is operating under and subject to the Governor's Executive Order No. 1975-9. In so operating, it has promulgated policies and guidelines to facilitate its responsibility in acting upon grant applications under the LEAA program. Regional Planning Councils have also been established across the State, the essential responsibility of which is to review and make recommendations to the Commission concerning purely intraregional applications for grants.

At the time plaintiffs' complaint was filed in this Court, the Commission had not taken action on the funding application in issue, but did so shortly thereafter. As

plaintiffs' essential prayer for relief was to restrain the Commission from affirmatively acting upon the application, this relief could not be granted. The complaint, however, sought such other relief as the Court deemed proper. It was as to this relief that a hearing was thereafter conducted upon plaintiffs' application for preliminary injunction, at which hearing a number of exhibits were offered and admitted into evidence without objection. They disclose the formal approval of the application in question and otherwise are responsive to several mixed factual averments and conclusions of law advanced in plaintiffs' complaint. At no time have plaintiffs amended their complaint nor sought leave of Court to do so, despite the changing factual posture and documentary evidence introduced at the preliminary injunction hearing.

The essential shortfall of plaintiffs' complaint lies in its want of well pleaded factual averments in support of its legal theory that the Commission would or did violate its own guidelines in approving the disputed grant application or the Federal regulations or law applicable thereto.

Affording the fullest possible inference to plaintiffs' factual averments, it is asserted that this funding application was not submitted to nor recommended for approval by the appropriate Regional Planning Council contrary to Commission policy statement No. 74-4. But this policy statement discloses that such submission and recommendation are directed only to "purely intraregional application" for grants, and there is no averment that the application in issue was such an application. Furthermore, as disclosed by the Commission action taken on said application,[2] this guideline, if deemed applicable, was waived, a right also reserved to the Commission in its promulgated guidelines.

---

2. Introduced into evidence at the preliminary injunction hearing without objection.

Other factual averments of plaintiffs' complaint (paragraphs 22c, 39, 41 and 42) assert a want of the required 15 day notice of action to be taken by the Commission on grant applications, but the very policy guideline relied upon as supporting such a requirement relates exclusively to Commission action on regional applications filed with and recommended for action by the Commission. There is no factual averment that the grant application in controversy was of this type.

Similarly, other averments (paragraphs 22d, 43 and 44) appear to suggest that State matching funds are to be used, which use requires approval of the "State Budget Secretary." These mixed factual averments and conclusions of law are not only inconsistent with another averment that Federal funds are to be exclusively used (paragraph 32), but also are negated by the grant application in issue providing for Federal funding with block grant match funding being utilized to support State matching fund requirements. Again there is no factual averment or conclusion of law that such a device is contrary to Federal law or regulation.

Finally, although it is essentially a bold conclusion of law (paragraphs 19 and 22b), plaintiffs aver that the General Assembly has prohibited the use of State funds as a "match" to the grant application. What General Assembly action purported to produce such a result, is left unsaid, except as might be gleaned from a newspaper article attached to the complaint. That the General Assembly refused to specifically appropriate State funds to the Office of the Special Prosecutor as suggested by the article—a fact also disclosed by the 1974-1975 General Appropriation Act and the recent supplemental appropriation legislation for the current fiscal year—can be readily conceded but how such a legislative action proscribes the grant application in question or approval thereof is left unsaid. The most we can glean from plaintiffs' argument on this point is that refusal of the General Assembly to

specifically appropriate money for the Office of the Special Prosecutor in some fashion is contrary to the matching fund requirements under the Federal law and regulation. Apart from the vagueness of such allegations, both in fact and law, the documents admitted into evidence at the preliminary injunction hearing disclosing use of block grant match funding for this application consistent with Federal regulations, not only negate any such contention but also suggest that it would be a vain and useless act to permit amendment to the complaint on this point.

In summary, the vague and uncertain material factual averments of the complaint in support of almost equally vague legal assertions which may, in other instances, warrant allowing an amended complaint to be filed, do not warrant such judicial tolerance in this case, particularly where the record on preliminary injunction hearing and matters of which we can take judicial notice mitigate against rather than enhance the possibility that, by amendment, plaintiffs could plead a good cause of action.

We enter the following

ORDER

Now, February 5, 1976, defendants' preliminary objection in the nature of a demurrer is hereby granted, and plaintiffs' complaint is dismissed.