## Kelton v. Biehn, District Attorney

*George T. Kelton,* p.p., and attorney for other plaintiffs.

*Stephen B. Harris* and *Linda K. Caracappa,* Assistant District Attorneys, for defendant.

WALSH, *J.*, March 29, 1976—A number of lawyers who regularly practice in this court have instituted a class action in equity on behalf of themselves as municipal or governmental attorneys and as representatives of all attorneys serving Bucks County boroughs, townships, municipal authorities, school districts and their subsidiary boards and commissions. The suit seeks to enjoin the district attorney from prosecuting members of these public agencies under the recently enacted "Sunshine Law"* for participating in private meetings with their attorneys in certain circumstances averred to require confidentiality.

---

* Act of July 19, 1974, P.L. 486 (No. 175), 65 P.S. §§261, et seq.

In company with the equity action, plaintiffs have filed a petition for a declaratory judgment wherein the court is requested to declare that members of the foregoing governmental agencies are permitted to participate in private meetings with counsel in certain circumstances averred to require confidentiality.

The district attorney, defendant, filed preliminary objections in the nature of a demurrer to both actions. Plaintiffs' counsel requested disposition by a court en banc rather than by a single judge because he feels that the questions involved are of public importance. The preliminary objections to both actions were argued together.

## I. THE ACTION IN EQUITY

The Pennsylvania Supreme Court has stated the general rule to be that, ordinarily, equity will not restrain the prosecution of a criminal proceeding. The rationale is that the accused has an adequate remedy at law by pleading at the time of the criminal prosecution the invalidity of the statute whereon the prosecution is based, or any other defense available to him: Kingsley International Pictures Corp. v. Blanc, 396 Pa. 448, 455, 153 A. 2d 243 (1959). Exceptions to the rule have been delineated in the foregoing decision and more extensively in a later case wherein the court examined in depth what it called "the criminal arm of equitable jurisdiction." Pa. Society for the Prevention of Cruelty to Animals v. Bravo Enterprises, Inc., 428 Pa. 350, 237 A. 2d 342 (1968). The exceptions appear to be classified as follows:

1. Where plaintiff, whether or not a party to the criminal proceeding, has property rights in danger of irreparable injury.

2. Where the statute is unconstitutional and its enforcement will cause the plaintiff irreparable loss to his property.

3. Where plaintiff seeks to enjoin a public nuisance and his rights are injured over and above the injury suffered by the public generally.

4. Where the legal remedy available to a party will cause a multiplicity of actions.

5. Where plaintiff's civil or personal rights are invaded.

Unless plaintiffs' cause of action falls within one or more of the enumerated exceptions, the demurrer must be sustained. We are satisfied that the averments in the complaint are sufficient to bring the cause of action within at least three of the exceptions. Plaintiffs allege interference with their right to practice their profession untrammeled by restraints on the concept of confidentiality inherent in the attorney-client relationship. The right to practice law is a property right: Montgomery County Bar Association v. Rinalducci, 329 Pa. 296, 298, 197 Atl. 924 (1938). We feel it is also a personal right within the meaning of the fifth exception. As to the multiplicity exception, plaintiffs aver in paragraph seven of their complaint the imminence of other similar prosecutions.

Where a preliminary objection to the complaint in the nature of a demurrer is filed, the demurrer admits for present purposes every well-pleaded material fact set forth in the complaint as well as the inferences reasonably deducible therefrom: Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 111, 299 A. 2d 585 (1973). There is no burden on plaintiff to prove the cause of action, and the only issue is whether the facts in the complaint are sufficient to entitle plaintiff to relief. Any doubt should

be resolved by a refusal to sustain the objections: Internat. Union of Oper. Eng. v. Linesville Const. Co., 457 Pa. 220, 223, 322 A. 2d 353 (1974). At this stage of the proceedings, we are not concerned with the ultimate question of whether plaintiffs will be able to meet their burden of proving that the requested relief should be granted.

## II. THE PETITION FOR A DECLARATORY JUDGMENT

Plaintiffs seek a judgment declaring that under the "Sunshine Law," supra, members of the stated public agencies are permitted to participate in private meetings with their attorneys under circumstances involving:

(a) actual litigation in which said governmental clients are then involved or in which individual members of the governing body are then involved in their capacity as members of the governing body;

(b) threatened or impending litigation in which their said governmental clients may become involved or in which individual members of the governing body may become involved in their capacity as members of the governing body;

(c) general legal advice, consultation and conferences including investigations by the attorney to facilitate the full development of facts essential to proper representation of the client, in situations which do not necessarily involve pending or threatened litigation.

One of the grounds on which defendant's demurrer is based is the absence in plaintiffs' complaint of any averment of an actual controversy between contending parties. Such an averment is unquestionably a necessary element of plaintiffs' cause of

action. In Paterra v. Charleroi Area School District, 22 Pa. Commonwealth Ct. 451, 349 A. 2d 813 (1975), the court declared:

"Section 9 of the Act of July 19, 1974, 65 P.S. §269 ["Sunshine Law"], refers to the jurisdiction of courts 'to render declaratory judgments or to enforce this Act, by injunction or other remedy deemed appropriate by the Court.' We do not construe this section, which is primarily concerned with jurisdiction, as dispensing with the requirements of the Act of June 18, 1923, P.L. 840, as amended, 12 P.S. §831 et seq., relating to declaratory judgments [Uniform Declaratory Judgments Act]."

The Uniform Declaratory Judgments Act, supra, provides, in part, 12 P.S. §836:

"Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties, or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, or (ii) that there is an uncertainty with respect to the effect of such asserted relation, status, right, or privilege upon the determination of any tax imposed or to be imposed by any taxing authority, including the United States, any state and any political subdivision thereof, and the court is satisfied also that a declaratory judgment or de-

cree will serve to terminate the uncertainty or controversy giving rise to the proceeding. . . ."

We are constrained to agree with defendant that no facts have been pleaded by plaintiffs to establish any controversy or antagonistic claims between the parties. We believe that this requirement has not been diluted or affected in any degree by the recent case of Friestad v. Travelers Indemnity Co., 452 Pa. 417, 306 A. 2d 295 (1973). In that suit, the contending parties (insured and insurer) were disputing the provisions of a contract of insurance. The rule of that case is simply that former decisions are disavowed to the extent that they rest on the view that the Declaratory Judgments Act may be involved only in the absence of another available remedy. This decision leaves unchanged the principle that the courts will not decide future rights in anticipation of events which may not occur. To do otherwise would require the courts to act in a fact vacuum and render a judgment in the nature of an advisory opinion. This, we may not do: Packel v. Takiff, 457 Pa. 14, 321 A. 2d 649 (1974); Gigliotti v. Northampton Mun. Authority, 27 Bucks 261 (1975).

A plaintiff is entitled to amend if the complaint (petition) doesn't exclude the possibility of recovery under a better state of facts: Framlau Corp. v. Delaware Co., 223 Pa. Superior Ct. 272, 276, 299 A. 2d 335 (1972).

## ORDER

And now, March 29, 1976, it is ordered that the preliminary objection of defendant in the nature of a demurrer to plaintiffs' complaint is overruled, with leave to defendant to file an answer within 20 days or at such extended time as may be agreed.

It is further ordered that defendant's preliminary objection to plaintiffs' petition for a declaratory judgment is sustained, with leave to plaintiffs to file an amended petition within 20 days or at such extended time as may be agreed. If plaintiffs do not amend, the petition shall be dismissed on praecipe of defendant.