## Kehler Estate

*Sanford S. Marateck,* for petitioner.
*Carl Rice* and *Charles H. Weidner,* for respondents.

RANCK, *J.,* January 31, 1977 — The problem before the court is the interpretation of a will and the propriety of a certain grant of letters of administration. The controversy requires consideration of section 6 of the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, as amended, 12 P.S. §836, and a relevant section of the Fiduciaries Act of June 30, 1972, P.L. 508 (no. 164), 20 P.S. §3512. The facts are as follows:

Emerson I. Kehler died testate on April 25, 1975. The will directed that the entire estate go to his brother, Ralph Kehler, and his sisters, Viola Welker, Ada Shartel and Gertrude Krafp. All of his above-named siblings were named executors. Ralph Kehler predeceased Emerson. Viola Welker, Ada Shartel and Gertrude Krafp, after signing a renunciation, requested the Register of Wills to appoint

Lawrence E. Welker, a nephew of the testator, as administrator c.t.a. The Northumberland County Register of Wills issued Letters of Administration c.t.a. to the said Lawrence E. Welker on May 14, 1975. The administrator c.t.a. paid all taxes and debts and filed both the state inheritance and federal estate tax forms. On April 9, 1976, the administrator c.t.a. filed his first and final account as well as the schedule of proposed distribution. The account proposed distribution to Viola Welker, Ada Shartel and Gertrude Krafp, but made no mention of distribution to Ethel Kehler Chupp, the sole surviving heir of Ralph Kehler.

On May 20, 1976, Ethel Kehler Chupp filed a petition for declaratory judgment raising the questions of her entitlement to a one-quarter share of the residue of the estate and whether she had a right to a grant of Letters of Administration c.t.a. superior to any right of Lawrence E. Welker. Together with the personal representative of Gertrude Krafp — the said Gertrude Krafp having died in the interim — and Ada Shartel, Ethel Kehler Chupp filed exceptions to the account raising the same questions presented in the petition for declaratory judgment, and the additional question of the ownership of certain bank accounts in the joint names of Emerson I. Kehler and Viola Welker. These bank accounts had been treated by the administrator c.t.a. as joint accounts with right of survivorship, and the proceeds thereof turned over to Viola Welker.

The administrator c.t.a. in response filed a motion to strike the petition for declaratory judgment asserting that petitioner may not have the disputed matter determined by such a proceeding. The administrator c.t.a. also filed a motion for the

appointment of an auditor to audit his first and final account pursuant to Act of June 30, 1972, P.L. 508 (no. 164) sec. 2, 20 P.S. §3512. That statute provides in part:

"In any county having no separate orphans' court division, . . . [i]f any party in interest shall object to the account, or shall request its reference to an auditor, the court, in its discretion, may appoint an auditor."

The precise question before the court is whether 20 P.S. §3512 is such a special form of remedy for this specific type of case so as to preclude petitioner's suit for declaratory judgment.

We start with the proposition that it is now the settled law of this Commonwealth that a suit for declaratory judgment will lie even where there exists another available remedy, whether legal or equitable, unless such remedy is a statute providing a special form of relief for a specific type of case: Friestad v. Travelers Indemnity Company, 452 Pa. 417, 306 A.2d 295 (1973). As counsel have correctly observed, the decisions of the Pennsylvania Supreme Court have been less than consistent on the problem of whether a declaratory judgment will lie where there is available another non-statutory remedy: Kariher's Petition (No. 1), 284 Pa. 455, 131 Atl. 265 (1925): Nesbitt v. Manufacturers' Casualty Insurance Co., 310 Pa. 374, 165 Atl. 403 (1933); Stofflet & Tillotsen v. Chester Housing Authority, 346 Pa. 574, 31 A.2d 274 (1943), returning to the Nesbitt position following the Von Moschzisker amendment created by Act of April 25, 1935, P.L. 72, sec. 1, as amended, 12 P.S. §836: Johnson Estate, 403 Pa. 476, 171 A.2d 518 (1961); McWilliams v. McCabe, 406 Pa. 644, 179 A.2d 222 (1962); Friestad v. Travelers Indemnity

Company, supra. The court has consistently held, however, that where the general assembly has provided a special statutory form of remedy, such remedy must be pursued to the exclusion of a declaratory judgment: Kariher's Petition (No. 1), supra.; Castle Shannon Coal Corporation v. Upper St. Clair Twp., 370 Pa. 211, 212, 88 A.2d 56 (1952). This position has been statutorily mandated since 1935: 12 P.S. §836. Hence, the question turns on whether the statute permitting appointment of an auditor, 20 P.S. §3512, is such a "special statutory form of remedy" so as to deny declaratory relief. If so, the motion to strike the petition for declaratory judgment must be granted. Otherwise, the court *may* entertain the suit for declaratory relief inasmuch as all other requirements have been met, i.e., all persons having any interest in the matter have been joined in the petition and there exists an actual controversy between the parties.

An examination of the cases reveals no clear rule. In Lochrie's Estate, 340 Pa. 145, 16 A.2d 133 (1940), the court rejected a petition for declaratory judgment stating that the jurisdiction of the Orphans' Court had already attached since said petition was presented both after the filing of the account and after the appointment of the auditor. In the case at bar, while the account has been filed, the court has not yet appointed an auditor. In effect, the remedial machinery urged by the administrator c.t.a. has not yet been invoked. This point represents a crucial disparity between the problem at hand and the facts of Lochrie's Estate.

Counsel for the administrator c.t.a. is correct in his assertion that in Gerety Estate, 349 Pa. 417, 37 A.2d 792 (1944), the same two questions were pre-

sented as are raised in the instant case, i.e., the determination of the identity of the residuary legatee and improper issuance of letters by the Register of Wills. Like Gerety, Keefer Estate, 351 Pa. 343, 41 A.2d 666 (1945), and Fahey Estate, 356 Pa. 535, 52 A.2d 580 (1947), rejected the use of declaratory relief. But also like Gerety, they each dealt with statutes different than that presently before the court. Therefore, while Gerety involved the same general issues as the case at bar, its precedential value is limited since the court considered statutes other than those presently before us.

In Johnson Estate, 403 Pa. 476, 479, 171 A.2d 518 (1961), the court faced essentially the same question as is presently at bar. Mr. Justice Jones framed the issue as such: "[d]oes the availability of this other remedy [audit of the trustee's account and distribution in the Orphans' Court] bar a declaratory judgment proceeding to construe and interpret this will?" The court held that a declaratory judgment could be granted even though there was another available remedy, i.e., the audit. Thus, the court in Johnson treated the statute permitting appointment of an auditor as merely an "alternative legal remedy" rather than a special statutory form of remedy.

A close examination of the facts in Johnson is helpful. A trust was created of testatrix's residuary estate with income payable to two life beneficiaries. Upon the death of the survivor of said beneficiaries, 25 percent of the corpus of the trust was to be paid to a Florence Billmyer if "living at the time of distribution." Florence survived but one of the life beneficiaries and her personal representative petitioned for a declaratory judgment

that she was vested at the time of her death with a one-quarter interest in principal. Bucknell University, which was to take if Florence was not living at the time of distribution, filed preliminary objections arguing the availability of another remedy: the audit of the trustee's account. Bucknell contended that the question of whether Florence's interest was vested or contingent could only be determined as of the time of the audit of the trustee's account. The audit could not be filed until termination of the trust — said termination, of course, occurring upon the death of the surviving life beneficiary. Hence, unlike the case at bar where an auditor could be appointed immediately, substantive justice in Johnson would have been delayed, for the auditor could only have been appointed "at some uncertain time in the future." The question then is: does Johnson represent, as the Administrator c.t.a. urges, merely an exception based upon unusual facts, or does it enunciate a general precept that appointment of an auditor is not such a special statutory remedy as to preclude a declaratory judgment?

Section 6 of the Uniform Declaratory Judgments Act states in part: "Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy *must* be followed. . . ." (Emphasis supplied); Acts of June 18, 1923, P.L. 840, sec. 6; April 25, 1935, P.L. 72, sec. 1; May 26, 1943, P.L. 645, sec. 1, 12 P.S. §836. Clearly, use of the jussive word "must" indicates that the legislature intended that no consideration be given to exceptional facts. Therefore, if the court in Johnson had seen appointment of an auditor as a special statutory form of remedy, then they would have been required by the dictate of the

legislature to deny the petition for declaratory relief. There can be little doubt that the import of Johnson is not as an exception, but as the rule itself. The court in Johnson was considering the Act of April 18, 1949, P.L. 512, art. IX, sec. 983, as amended, 20 P.S. §320.983, subsequently replaced by the virtually identical Act of June 30, 1972, P.L. 508 (no. 164), sec. 2, 20 P.S. §7183, both of which deal with appointment of an auditor for trust estates. The critical point is that the statute under which Johnson was decided makes reference to and requires use of the same statutory procedure as that for decedents' estates, and that 20 P.S. §3512 is virtually a mirror image of the then existent Act of April 18, 1949, P.L. 512, art. VII, sec. 712, 20 P.S. §320.712. Thus the fact that Johnson dealt with a trust estate while the case at bar concerns a decedent's estate has *no* legal significance. On the basis of Johnson, it may safely be said that a declaratory judgment is not precluded by the availability of 20 P.S. §3512 permitting appointment of an auditor.

Before one may take leave of Johnson, it is necessary to review the rough seas upon which it was cast. Less than a year after Johnson was decided, the high court overruled it sub silentio in McWilliams v. McCabe, supra. McWilliams in turn served as authority for Sheldrake Estate, 416 Pa. 551, 207 A.2d 802 (1965), which held that the appropriate remedy for determination of the percentage of trust income was by filing an account, and by implication the subsequent appointment of an auditor upon dispute, and not by a declaratory judgment proceeding. But Sheldrake was based upon the erroneous proposition " ' "that a declaratory judgment proceeding is not an optional

substitute for established and available remedies," ' " at 553. Johnson was resurrected in Friestad v. Travelers Indemnity Company, supra, which expressly repudiated Sheldrake and its sire, McWilliams. Johnson has since been cited with approval, but not on the point in contention: Packel v. Takiff, 457 Pa. 14, 16, 321 A.2d 649 (1974).

Having illustrated that a declaratory judgment will lie, the next question is whether this court should entertain such suit. Of course, while this question is largely a matter of judicial discretion: Lifter Estate, 377 Pa. 227, 103 A.2d 670 (1954); the following elements must exist before such jurisdiction can be exercised: 1. all of the persons having any possible interest must be joined in the petition; 2. antagonistic claims must be present which indicate imminent and inevitable litigation, coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy: Lifter Estate, supra, at 229.

Both of the required elements for declaratory relief exist in this case. The salient point, we believe, is the efficient manner in which declaratory relief can settle the controversies at bar with one stroke with the least expenditure of time and money for the parties. We break no new ground by this course. There have been more than a few occasions where courts have used the declaratory judgment process to construe a will: Johnson Estate, footnote 5 at 482. Indeed, Mr. Chief Justice VonMoschzisker once stated that declaratory relief "is peculiarly appropriate to the orphan's court, vested as it is with supervisory powers over the administration of decedents' estates.": Cryan's Estate, 301 Pa. 386, 397, 152 Atl. 675 (1930). To the extent that factual questions are involved, de-

claratory relief is not precluded, as our Supreme Court has recently held that a factual dispute will not itself bar a declaratory judgment: Liberty Mutual Insurance Co. v. S.G.S. Company, 456 Pa. 94, 102, 318 A.2d 906 (1974); see concurring opinion of Mr. Chief Justice Jones. Hence, declaratory relief neither is nor should be a stranger to the Orphans' Court. See 12 P.S. §834.

In view of the foregoing, we enter the following

## ORDER

And now, January 31, 1977, after hearing held and due consideration of counsel's written and oral arguments, the motion of the administrator c.t.a. to strike the petition for declaratory judgment is hereby denied.