Chester Upland School District and The Board of School Directors of Chester Upland School District, Petitioners *v.* Commonwealth of Pennsylvania, The Honorable Richard Thornburgh, Governor of Pennsylvania, et al., Respondents.

Argued May 6, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Leo A. Hackett,* with him, *Michael C. Duke, Fronefield & deFuria,* for petitioners.

*Joel M. Ressler,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE CRAIG, July 18, 1985:

Chester Upland School District and its board of directors filed this original jurisdiction action for declaratory judgment, challenging the constitutionality of a 1981 amendment to section 1106 of the Public School Code of 1949,[1] 24 P.S. §11-1106, which prohibits any school district, except those in the first class and first class A categories,[2] from requiring its employees to reside within the school district as a condition for appointment or continued employment.[3] The petitioners filed an amended petition including

[1] The Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§1-101 through 27-2701.

[2] Under the classification scheme in section 202 of the Code, only the Philadelphia and Pittsburgh School Districts have sufficient populations to be categorized first class or first class A.

[3] Section 1106 provides, in part:

Except for school districts of the first class and first class A which may require residency requirements, no other school district shall require an employe to reside within the school district as a condition for appointment or continued employment.

two taxpayers from the Chester Upland School District as intervening petitioners, and naming the Commonwealth of Pennsylvania, the Departments of Justice and Education, Governor Thornburgh, Attorney General Zimmerman, and former Secretary of Education Wilburn as respondents.

Presently before us are the respondents' preliminary objections, which raise jurisdictional questions and a demurrer, and the petitioners' motion for summary judgment. Because we conclude that this matter does not present an actual case or controversy, we do not reach the other issues and must dismiss the petition.

Chester Upland is a school district of the second class, and is therefore subject to the residency requirement prohibition in the 1981 amendment to section 1106 of the Code. Before 1981, Chester Upland adopted a policy of requiring non-professional school district employees to reside within the district. Chester Upland alleges that, since enactment of the 1981 amendment, it has taken preliminary action to discharge certain non-professional employees for failure to reside within the school district, and that those employees have threatened to bring legal action against the school district if they are terminated, claiming protection under the 1981 amendment. Those employees are not named in the school district's petition.

Chester Upland challenges the constitutionality of section 1106 on two grounds: (1) it violates the equal protection and due process clauses of the federal and state constitutions, as well as the uniformity clause of the Pennsylvania constitution because there is no rational basis for affording different treatment to school districts of different classes; and (2) section 1106 violates the federal and state constitutions because it discriminates against the residents of second, third, and fourth class school districts.

Additionally, Chester Upland seeks a declaration that section 1106 applies only to "professional" employees, and therefore does not proscribe the school district's residency requirement which is applicable to "non-professional" employees only.

However, the purpose of the Pennsylvania Declaratory Judgments Act, 42 Pa. C. S. §§7531-7541, "is to settle and afford relief to any person from uncertainty and insecurity with respect to rights, status and legal relations affected by a statute." *Snider v. Shapp*, 45 Pa. Commonwealth Ct. 337, 346, 405 A.2d 602, 607 (1979); 42 Pa. C. S. §7541(a). To be justiciable, the plaintiff's interest "must be a direct, substantial and present interest, as contrasted with a remote or speculative interest." *Kauffmann v. Osser*, 441 Pa. 150, 155, 271 A.2d 236, 239 (1970); *Upper Bucks County Vocational Technical School Education Association v. Joint Committee*, 69 Pa. Commonwealth Ct. 85, 450 A.2d 295 (1982).

In *South Whitehall Township v. Department of Transportation*, 82 Pa. Commonwealth Ct. 217, 475 A.2d 166 (1984), a township sought a declaratory judgment invalidating Department of Transportation regulations which prohibited developers from applying for permits to place utilities within state highway rights-of-way, and which authorized, but did not compel, municipal authorities to apply for those permits. The challenged regulations also required any municipal authority that did apply for a permit on behalf of a developer to indemnify the Commonwealth for any harm caused by the developer to the state highway right-of-way. In its petition, South Whitehall Township averred that the indemnification provision was an unconscionable imposition of vicarious liability, and sought a declaratory judgment invalidating it. However, the township did not aver that it actually had sought a permit on behalf of a developer, nor that it

was in fact situate as indemnifying the work of a private developer. Consequently, we held that the case did not present an actual controversy, and dismissed the petition, stating:

> It may be that the municipal entities will never be asked to secure a permit for a private developer, or if the Township or Township Authority choose not to secure permits on behalf of private developers, that the Township and Township Authority would never be in a position of indemnifying the Department against damage caused by others. The events which might bring these parties into actual conflict are thus too remote to justify our resolution of this dispute by declaratory judgment.

*Id.* at 222, 475 A.2d at 169.

Similarly here, events which could give rise to an actual controversy over the section 1106 prohibition of residency requirements in Chester Upland School District have not yet, and may never, occur. The petition contains no averments that the named respondents have taken any action to enforce section 1106, nor that such action is imminent or inevitable. Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur. *Singer v. Sheppard,* 33 Pa. Commonwealth Ct. 276, 381 A.2d 1007 (1978). It is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation. *Liberty Mutual Insurance Co. v. S. G. S. Co.,* 456 Pa. 94, 318 A.2d 906 (1974).

Petitioners seek to rely on *American Booksellers Association v. Rendell,* 332 Pa. Superior Ct. 537, 481 A.2d 919 (1984), where the Superior Court held that a trade association suing on behalf of its members had standing to seek a declaration that a criminal statute prohibiting display of obscene material in the view of

minors was unconstitutional. Unlike here, the plaintiffs in *American Booksellers* alleged specific, substantial harm in that, in addition to significant financial losses, their members' first amendment rights had already been impaired at the time relief was sought. Additionally, we note that, contrary to *American Booksellers,* our Supreme Court dismissed a declaratory judgment action in *Packel v. Takiff,* 457 Pa. 14, 321 A.2d 649 (1974), because "[t]he Uniform Declaratory Judgments Act [forerunner to the current Pennsylvania Declaratory Judgments Act] . . . does not authorize the entry of judgments in criminal matters." *Id.* at 17, 321 A.2d at 650.

Further, simply by naming, as respondents, governmental departments and officials charged with the general duty of upholding the laws of the Commonwealth, the petitioners have not suggested any basis for an actual controversy between themselves and those named respondents. Conceivably, future events could give rise to an actual controversy over section 1106, but that controversy would be between the school district and the employees facing termination, who are not parties to the present action. Under section 7540 of the Declaratory Judgments Act, a declaratory judgment action will not lie unless all interested parties who could be affected by the judgment are joined.[4] *See County of Allegheny v. Commonwealth of Pennsylvania,* 71 Pa. Commonwealth Ct. 32, 453 A.2d 1085 (1983) (county could not seek declaratory judgment to resolve conflict between Second Class County Code and Federal Age Discrimination in Employment Act with regard to personnel re-

---

[4] Section 7540 provides, in part:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

duction in county fire department without joinder of individual firemen whose continued employment could be affected by the judgment).

Accordingly, we must sustain the respondents' preliminary objections, deny the petitioners' motion for summary judgment, and dismiss the petition.

### ORDER

Now, July 18, 1985, petitioners' motion for summary judgment is denied, respondents' preliminary objections are sustained, and the petition for review in the nature of a complaint for declaratory judgment is dismissed.