# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew Kundratic, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 115 M.D. 2018 |
| | : | Submitted: May 17, 2019 |
| Sophia Carol Thomas, aka | : | |
| Sophia Carol Kundratic, | : | |
| Arthur Silverblatt, Anthony Lumbis, | : | |
| Hon. Tina Polachek Gartley, | : | |
| Gary A. Michak in care of the | : | |
| Estate of Gary A. Michak, | : | |
| C. J. Bufalino, | : | |
| Hon. Harold F. Woelfel Jr., | : | |
| | : | |
| Respondents: | | |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                    FILED: August 1, 2019


Before the Court are the preliminary objections of Sophia Carol Thomas, aka Sophia Carol Kundratic (Ex-Wife); Hon. Tina Polachek Gartley (Judge); Gary A. Michak in care of the Estate of Gary A. Michak (Attorney); C.J. Bufalino (Master); and Hon. Harold F. Woelfel, Jr. (Senior Judge) (collectively, Respondents) to the *pro se* petition for review filed by Andrew Kundratic (Ex-

Husband) in our original jurisdiction seeking declaratory and injunctive relief.[1] We sustain the preliminary objections and dismiss the petition for review.

## I.

The instant matter is the latest in a long line of cases in both state and federal courts filed by Ex-Husband emanating from the extremely contentious 2006 divorce of Ex-Husband and Ex-Wife[2] in Luzerne County, Pennsylvania.[3] The

---

[1] On May 3, 2019, this Court's Chief Clerk entered a judgment of *non pros* in favor of Respondent Arthur Silverblatt, Ex-Husband's former counsel, and against Ex-Husband, pursuant to Pa. R.C.P. No. 1042.7, based on his failure to file a certificate of merit as required by Pa. R.C.P. No. 1042.3. As a result, Respondent Silverblatt's preliminary objections were dismissed as moot.

On July 8, 2019, this Court vacated our prior order entering a default judgment in favor of Ex-Husband and against Respondent Anthony Lumbis, another of Ex-Husband's former attorneys. In that order we likewise entered a judgment of *non pros* in favor of Respondent Lumbis, and against Ex-Husband, pursuant to Pa. R.C.P. No. 1042.7, based on his failure to file a certificate of merit as required by Pa. R.C.P. No. 1042.3.

[2] *See, e.g.*, *Kundratic v. Kundratic* (Pa. Super., No. 501 MDA 2015, filed December 15, 2015); *Kundratic v. Kundratic* (Pa. Super., Nos. 1920 MDA 2013, 1998 MDA 2013, filed September 8, 2014); *Kundratic v. Kundratic* (Pa. Super., No. 2057 MDA 2013, filed August 26, 2014); *Kundratic v. Kundratic* (Pa. Super., No. 1888 MDA 2013, filed July 9, 2014), *appeal denied*, 104 A.3d 5 (Pa. 2014); *Kundratic v. Kundratic* (Pa. Super., No. 1861 MDA 2011, filed October 22, 2012); *Kundratic v. Kundratic* (Pa. Super., No. 1214 MDA 2008, filed May 7, 2009). *See also Kundratic v. Polachek-Gartley* (M.D. Pa., No. 3:15-CV-1239, filed August 28, 2015), *vacated and remanded*, 644 Fed. App'x 123 (3d Cir. 2016); *Kundratic v. Thomas* (M.D. Pa., No. 3:12-CV-0017, filed November 26, 2013), *aff'd*, 573 Fed. App'x 167 (3d Cir. 2014); *Kundratic v. Thomas* (M.D. Pa., No. 3:12-CV-17, filed June 14, 2012); *Kundratic v. Thomas* (M.D. Pa., No. 3:12-CV-0017, filed November 5, 2012); *Kundratic v. Thomas* (M.D. Pa., No. 3:08-CV-1652, filed July 2, 2009), *aff'd*, 407 Fed. App'x 625 (3d Cir. 2011).

[3] Luzerne County is a Third Class County. *See* 123 The Pennsylvania Manual 6-32 (2017); *Emert v. Larami Corporation*, 200 A.2d 901, 902 n.1 (Pa. 1964) ("Courts will take judicial notice of geographical facts such as the county in which a town or city is located.") (citations omitted).

current iteration of this ongoing legal morass is the 114-page *pro se* petition for review filed by Ex-Husband pursuant to the Declaratory Judgments Act[4] seeking an order from this Court directing the following relief against Ex-Wife, the estate of her late Attorney, the Judges, and the Master involved in those divorce proceedings: (1) "[t]he immediate recusal of [Senior Judge] for obvious reasons"; (2) an order precluding Ex-Wife from transferring the deed to the marital house "since she illegally transferred the deed and took [Ex-Husband's] name off the deed(s)"; (3) the transfer of the marital house in separate deeds for the house and the lot within 48 hours to be paid by Respondents and reimbursement for spousal support/alimony pendente lite; (4) transfer of the deeds to be held by Ex-Husband until further court order; (5) a "referral to the proper law [enforcement] authorities and/or agencies for a complete criminal investigation of all [Respondents]" including unnamed individuals with "Domestic Relations and Child & Youth"; (6) "[a] report back to [Ex-Husband] and courts from any investigation"; (7) "[a] court referral to the proper agencies for an investigation and the disbarment of [Attorney's] law license[]"; (8) "[t]he immediate and permanent disbarment of [Ex-Wife] and [her current husband] from the marital properties" "without removing any contents from the properties until further order of the courts" to protect "what is left of them"; (9) "the immediate arrest of [Ex-Wife] for the criminal acts of transferring the marital deed, the embezzlement of [Ex-Husband's] awarded 401[(k)] and retirement accounts and many contempts over the years"; (10) "freezing the monetary accounts of [Ex-Wife] and [her current husband] to cover the cost of the 401(k) and retirement accounts [that Ex-Wife] embezzled" including "the additional years of gains lost plus interest"; (11) to "immediately

---

[4] 42 Pa. C.S. §§7531-7541.

3

freeze [the] assets (monetary accounts)" of the Respondents "to cover all sanctions, loss of salary, compensatory and/or punitive damages" that are awarded to Ex-Husband; (12) to include treble damages in any damages awarded to Ex-Husband; (13) grant Ex-Husband "immediate access . . . to occupy the marital home," and to direct the payment of "all living cost[s]" by the Respondents "includ[ing] taxes, insurances, utility bills, maintenance and all cost[s] of the upkeep of the home"; (14) to direct the Respondents to immediately restore the marital properties to their condition as of May 2006, within 60 to 90 days at no cost to Ex-Husband; (15) to direct that the restored marital properties "be put up for immediate sale"; (16) to direct the reimbursement by the Respondents for all support payments paid to Ex-Wife with interest; (17) to direct that an expert calculate the highest sale price of the marital properties over the last 12 years and that the Respondents pay any difference from the actual sale price, with interest; (18) for Ex-Husband to "be reimbursed for all legal fees, legal cost[s] and pro se fees with interest immediately by all [Respondents] going back to the initial filing of the divorce"; (19) for Ex-Husband's and Ex-Wife's "daughter to be immediately reimbursed with interest for the los[s] of her college scholarship by the [Respondents]"; (20) an award of "interest on any and all money awards to [Ex-Husband]"; (21) that "[Ex-Husband's] prison record be expunged/cleaned from [the Respondents'] criminal acts of retaliation of false [Protection from Abuse orders] and their deceitful representation to [Ex-Husband]"; (22) this Court's "help/guidance in getting good legal representation"; and (23) any other relief that this Court deems appropriate. Petition for Review at 110-113.

4

## II.

As this Court has recently explained:

> Petitions for declaratory judgments are governed by the provisions of the Declaratory Judgments Act, 42 Pa. C.S. §§7531-7541. Although the Declaratory Judgments Act is to be liberally construed, one limitation on a court's ability to issue a declaratory judgment is that the issues involved must be ripe for judicial determination, meaning that there must be the presence of an actual case or controversy. Thus, the Declaratory Judgments Act requires a petition praying for declaratory relief to state an actual controversy between the petitioner and the named respondent.

> Declaratory judgments are not obtainable as a matter of right. Rather, whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. Thus, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction. As the Pennsylvania Supreme Court has stated:

>> The presence of antagonistic claims indicating imminent and inevitable litigation coupled with a clear manifestation that the declaration sought will be of practical help in ending the controversy are essential to the granting of relief by way of declaratory judgment. . . .

>> Only where there is a real controversy may a party obtain a declaratory judgment.

>> A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

5

*Brouillette v. Wolf*, ___ A.3d ___ (Pa. Cmwlth., No. 410 M.D. 2017, filed July 2, 2019), slip op. at 20-21 (citations omitted).

Additionally, Section 7541(c)(2) of the Declaratory Judgments Act states, "[r]elief shall not be available under this subchapter with respect to any . . . [p]roceeding within the exclusive jurisdiction of a tribunal other than a court." 42 Pa. C.S. §7541(c)(2).[5] "Therefore, where a proceeding lies within the exclusive jurisdiction of [a government unit exercising a quasi-judicial function], declaratory relief is unavailable under the [Declaratory Judgments] Act." *Myers v. Department of Revenue*, 423 A.2d 1101, 1103 (Pa. Cmwlth. 1980).

Further, Section 7541(c)(3) of the Declaratory Judgments Act states, "[r]elief shall not be available under this subchapter with respect to any . . . [p]roceeding involving an appeal from an order of a tribunal." 42 Pa. C.S. §7541(c)(3). As a result:

> A declaratory judgment action may not be used to collaterally attack an order of a tribunal. *See J.B. Steven, Inc. v. Bd. of Comm'rs of Wilkens Twp.*, 643 A.2d 142 (Pa. Cmwlth. 1994) (attempt to overturn a tribunal's decision through declaratory judgment was improper); *Kallman v. Carlisle Zoning Hearing Bd.*, 543 A.2d 1273 (Pa. Cmwlth. 1988) (declaratory judgment action was an impermissible disguised appeal).

*Stahl v. Kenney* (Pa. Cmwlth., No. 385 M.D. 2017, filed May 2, 2018), slip op. at 10.[6] "Moreover, when 'ancillary proceedings can be utilized to resolve issues

---

[5] Section 102 of the Judicial Code defines "tribunal," in relevant part, as "judicial officer vested with the power to enter an order in a matter" or "a government unit . . . when performing quasi-judicial functions." 42 Pa. C.S. §102.

[6] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").
**(Footnote continued on next page…)**

raised in a declaratory judgment petition, the declaratory judgment action should be dismissed.'" *Id.* at 11 (citations omitted).[7]

## III.

In this case, Respondents demur to Ex-Husband's petition based upon the assertion that he has not pleaded facts showing that he has a clear right to declaratory or injunctive relief.[8] To the extent that Ex-Husband seeks relief based

---

**(continued…)**

[7] *See also Starcloud v. Kauffman* (Pa. Cmwlth., No. 332 M.D. 2017, filed June 8, 2018), slip op. at 6, wherein this Court stated:

> In this case, although [the inmate] sought redress through the informal request process by submitting a Form DC-135A, he failed to invoke the Department [of Corrections'] formal grievance procedure and appeal process through the submission of a DC-804, Part 1 Official Inmate Grievance Form. As a result, declaratory judgment will not be granted in this case. *See Buehl v. Pennsylvania Department of Corrections*, 635 A.2d 217, 219 (Pa. Cmwlth. 1991), *aff'd*, 635 A.2d 113 (Pa. 1993) ("Here, Buehl has failed to use the internal grievance procedures available to him. . . . The law is clear that declaratory judgments should not be an available remedy for those who have failed to first use appropriate agency procedures. Therefore, because Buehl failed to use the internal grievance procedures available to him, declaratory judgment is inappropriate and his claim is dismissed.").

[8] "In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts." *Pennsylvania Independent Oil & Gas Association v. Department of Environmental Protection*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015), *aff'd*, 161 A.3d 949 (Pa. 2017) (quoting *Guarrasi v. Scott*, 25 A.3d 394, 400 n.5 (Pa. Cmwlth. 2011)). "However, we 'are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion.'" *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5). "To sustain preliminary objections, 'it must appear with certainty that the law will permit no recovery' and '[a]ny doubt must be resolved in favor of the non-moving party.'" *Id.* (quoting *Guarrasi*, 25 A.3d at 400 n.5).

7

on rulings or orders relating to the 2006 divorce proceedings it is clear, pursuant to Section 7541(c)(3) of the Declaratory Judgments Act, that Ex-Husband may not obtain the requested relief. *See Stahl*, slip op. at 11 ("[The petitioner's] declaratory relief requests pertain to alleged wrongful conduct by the Judges, [the master], and [the ex-wife's attorney] **in the Domestic Relations Matter**, which relief is barred by Section 7541(c)(3)[.] [The petitioner's] claims all arise from purported errors which [he] contends allegedly resulted in an unfair outcome in the Domestic Relations Matter. Accordingly, the proper method for [him] to challenge the allegedly unfair rulings in the Domestic Relations Matter was to appeal from the order.") (citation omitted and emphasis in original).

Additionally, to the extent that Ex-Husband seeks relief based on the purported misconduct of Senior Judge, Judge, or Ex-Wife's late Attorney, the Supreme Court's Judicial Conduct Board and Disciplinary Board have exclusive jurisdiction to entertain such claims. *See, e.g.*, Pa. Const. art. V, §10(c) ("The Supreme Court shall have the power to prescribe general rules governing . . . the conduct of all courts . . . and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the Judicial Branch . . . ."); Pa. Const. art. V, §18(a)(7) ("There shall be an independent board within the Judicial Branch, known as the Judicial Conduct Board . . . . The board shall receive and investigate complaints regarding judicial conduct filed by individuals . . . ."); C.J.D.R.P. No. 301(A) ("Proceedings in the Court [of Judicial Discipline] shall be commenced by the filing of a [Judicial Conduct] Board Complaint . . . ."); Pa. R.D.E. 205(a) and (c)(1), (5) ("The Supreme Court shall appoint a board to be known as 'The Disciplinary Board of the Supreme Court of Pennsylvania[.]' . . . The Board shall have the power and duty . . . [t]o consider the conduct of any

8

person subject to these rules . . . .").  *See also Office of Disciplinary Counsel v. Jepsen*, 787 A.2d 420, 423 (Pa. 2002), wherein the Supreme Court explained:

> [B]oth [the Disciplinary Board and the Court of Judicial Discipline] possess constitutionally conferred authority to entertain charges filed against a judicial officer who commits misconduct during the practice of law.  Each tribunal is likewise capable of determining the appropriate discipline.

Accordingly, it is clear, pursuant to Section 7541(c)(2) of the Declaratory Judgments Act, that Ex-Husband may not obtain the requested relief on these claims.

Likewise, to the extent that Ex-Husband asks this Court to direct an arrest and the filing of criminal charges,[9] Pa. R. Crim. P. 506, relating to the filing of private criminal complaints, states:

> (A) When the affiant is not a law enforcement officer, the complaint shall be submitted to an attorney for the Commonwealth, who shall approve or disapprove it without unreasonable delay.
>
> (B) If the attorney for the Commonwealth:
>
> (1) approves the complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

---

[9] Although Ex-Husband alleges the violation of federal criminal statutes, the relief sought would be patently beyond the jurisdiction of this Court.  *See, e.g.*, Section 761(a)(1) of the Judicial Code, 42 Pa. C.S. §761(a)(1) ("The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]").  However, for the sake of judicial economy, we will analyze these claims as if he is asserting that the underlying conduct constitutes a violation of the Pennsylvania Crimes Code, 18 Pa. C.S. §§101-9101.

(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may petition the court of common pleas for review of the decision.

*See also* Pa. Const. art. IV, §4.1 ("An Attorney General shall . . . be the chief law officer of the Commonwealth and shall exercise such powers and perform such duties as may be imposed by law."); Pa. Const. art. IX, §4 ("County officers shall consist of . . . district attorneys . . . ."); Section 206(a) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §732-206(a) ("The Attorney General shall be the chief law enforcement officer of the Commonwealth; the district attorney shall be the chief law enforcement officer for the county in which he is elected. The Attorney General shall have the power to investigate any criminal offense which he has the power to prosecute under section 205[.]"); Section 1402(a) of The County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §1402(a) ("The district attorney shall sign all bills of indictment and conduct in court all criminal and other prosecutions, in the name of the Commonwealth, or, when the Commonwealth is a party, which arise in the county for which the district attorney is elected, and perform all the duties which, prior to May 3, 1850, were performed by deputy attorneys general.").

Moreover, as the Supreme Court has held:

[T]ime and again, this Court has stated that the district attorney is a quasi-judicial officer. *Commonwealth v. Nicely*, [18 A. 737 (Pa. 1889)]; *Snyder's Case*, [152 A. 33 (Pa. 1930)]; *Commonwealth v. Cicere*, [128 A. 446 (Pa. 1925)]; *Commonwealth v. Kettering*, [119 A.2d 580 (Pa. Super. 1956)]. Like the Prothonotary and the Register of Wills, the office of District Attorney is part

10

> and parcel of the judicial system and performs an important function in the administration of justice. Moreover, in the performance of his duties, the law grants to the district attorney wide discretion in the exercise of which he acts in a judicial capacity. *See*: 103 University of Pennsylvania Law Review, p. 1057 *et seq*.

*Commonwealth ex rel. Specter v. Martin*, 232 A.2d 729, 736 (Pa. 1967). *See also Packel v. Takiff*, 321 A.2d 649, 650 (Pa. 1974) ("The [predecessor statute to the current Declaratory Judgments Act] does not authorize the entry of judgments in criminal matters."); *In re Shelley*, 2 A.2d 809, 812-13 (Pa. 1938) ("Just as a district attorney is a quasi-judicial officer, so, likewise, is the Attorney General when acting officially in proceedings in the criminal courts.") (citations omitted). Again, it is clear, pursuant to Section 7541(c)(2) of the Declaratory Judgments Act, that Ex-Husband may not obtain the requested relief on these claims.

In sum, as the Superior Court advised in an appeal from a common pleas court decree finding that a marriage was irretrievably broken, which was contested by the ex-husband and followed by a no-fault divorce decree:

> It is apparent from his pro se filings that [the ex-husband] is consumed by the perceived injustice of his former wife's actions and distressed by her ability to obtain a no-fault divorce. As difficult as it may be, [the ex-husband] needs to accept the fact that his marriage ended in divorce, stop his relentless pursuit of his ex-wife and move forward with his life.

11

*Rich v. Acrivos*, 815 A.2d 1106, 1109 (Pa. Super. 2003).[10]  Accordingly, for the above-stated reasons, the Respondents' preliminary objections in the nature of a demurrer are sustained, and Ex-Husband's petition for review is dismissed.[11]

---

[10] As a final matter, we note that Ex-Husband asks for this Court's "help/guidance in getting good legal representation."  Petition for Review at 113.  However, in the absence of any assertion that due process or a statute requires the appointment of counsel, we will not accede to Ex-Husband's request in this regard, as it is presumed that he does not have a right to court-appointed counsel.  *See, e.g.*, *Lassiter v. Department of Social Services*, 452 U.S. 18, 26-27 (1981) ("[T]he Court's precedents speak with one voice about what 'fundamental fairness' has meant when the Court has considered the right to appointed counsel, and we thus draw from them the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.  It is against this presumption that all the other elements in the due process [analysis under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)] must be measured.").  *See also Rich*, 815 A.2d at 1108 ("Acrivos first alleges error because he was denied appointed counsel [in the no-fault divorce action].  The law is well settled that there is no right to counsel in civil cases.  *Witt v. LaLonde*, 762 A.2d 1109 (Pa. Super. 2000) (held no right to appointed counsel in custody/visitation case).  Therefore, this claim fails").

[11] Based on our disposition of the preliminary objections in the nature of a demurrer, we will not address the remaining preliminary objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Kundratic,                          :
                                           :
                        Petitioner         :
                                           :
            v.                             :  No. 115 M.D. 2018
                                           :
Sophia Carol Thomas, aka                   :
Sophia Carol Kundratic,                    :
Arthur Silverblatt, Anthony Lumbis,        :
Hon. Tina Polachek Gartley,                :
Gary A. Michak in care of the              :
Estate of Gary A. Michak,                  :
C. J. Bufalino,                            :
Hon. Harold F. Woelfel Jr.,                :
                                           :
                        Respondents:

**PER CURIAM**

# **O R D E R**

AND NOW, this 1st day of August, 2019, the preliminary objections in the nature of a demurrer of Respondents Sophia Carol Thomas, aka Sophia Carol Kundratic, Hon. Tina Polachek Gartley, Gary A. Michak in care of the Estate of Gary A. Michak, C. J. Bufalino, and Hon. Harold F. Woelfel Jr. are SUSTAINED, and the petition for review filed by Andrew Kundratic is DISMISSED. The preliminary objections of Anthony Lumbis are DISMISSED as moot.