**Dr. Joseph HENDRIX and Dr. John Wayne Hendrix,**
**Plaintiffs-Appellants,**

v.

**Dr. P. V. POONAI and Dr. Anila Poonai,**
**Defendants-Appellees.**

**No. 81–5096**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 1981.

Harry O. Thomas, Gregg D. Thomas, Julian Clarkson, Tampa, Fla., for plaintiffs-appellants.

Daniel S. Dearing, Tallahassee, Fla., for defendants-appellees.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from a district court order dismissing appellants' complaint for lack of subject matter jurisdiction. The district court ruled that the complaint presents no "actual case or controversy" as required by article III, section 2 of the Constitution and by the Declaratory Judgment Act, 28 U.S.C. § 2201. We affirm.

The facts alleged in the complaint are as follows.[1] The appellants, Dr. Joseph Hendrix and Dr. John Wayne Hendrix, are members of the Medical-Dental Staff (Staff), and of the Credentials Committee of the Staff, of the Municipal Hospital of Port St. Joe, Florida (Hospital). The Hospital is owned and operated by the City of Port St. Joe, and is governed by a Board of Trustees (Governing Board) comprised of the City Commissioners. The appellees, Dr. P. V. Poonai and Dr. Anila Poonai (husband and wife, respectively), were members of the Staff during 1978 and parts of 1979. Some members of the Staff, including the appellants, became concerned in 1978 with the quality of medical care being provided, and with the number of certain medical procedures being performed, by the Drs. Poonai. The Staff directed an investigation of these practices, which resulted in a recommendation, on November 13, 1978, by the Executive Committee of the Staff to the Governing Board that the hospital privileges of Dr. Anila Poonai be revoked. No action was taken against Dr. P. V. Poonai. On November 29, 1978, the Poonais filed a complaint in the district court against the appellants and others, alleging violation of sections 1 and 2 of the Sherman Act[2] and sections 1981 and 1983 of the Civil Rights Act.[3] That action is still pending.[4] On February 13, 1979, the Governing Board rendered a final decision revoking Dr. Anila Poonai's privileges effective April 15, 1979. Dr. P. V. Poonai tendered a voluntary resignation of his Staff membership on May 10, 1979. His resignation was accepted by the Governing Board on May 22, 1979, and became effective on June 1, 1979.

On March 28, 1980, Dr. P. V. Poonai applied for readmission to the Staff. The appellants thereafter sought to add to the suit brought against them by the Drs. Poonai a counterclaim for declaratory judgment that any action adverse to Dr. P. V.

1. As the appellees note in their brief, the appellants' brief contains a statement of the facts that goes far beyond the allegations in the complaint. In deciding this appeal, of course, we are restricted to the facts alleged in the complaint. In the interest of clarity, however, we incorporate from the appellants' brief several facts not essential to our decision.

2. 15 U.S.C. §§ 1, 2.

3. 42 U.S.C. §§ 1981, 1983.

4. *Poonai v. Zyski*, No. 78–0287 (N.D.Fla., filed Nov. 29, 1978).

Poonai's application for readmission taken by the appellants pursuant to the Bylaws of the Staff would not be subject to attack under the federal antitrust laws.[5] The district court denied the request to add a declaratory judgment counterclaim, whereupon the appellants initiated the present case seeking a declaration of their immunity from antitrust liability in the event that Dr. P. V. Poonai's application for readmission is delayed or rejected. Appellants claim that unless the requested declaratory relief is granted, they will be faced with the "inescapable dilemma" of either being sued by the Drs. Poonai for alleged antitrust violations or having to ignore or compromise their obligations under the Staff By-laws to avoid such a suit.

At the time the complaint was filed, no action had been taken on the readmission application. The Drs. Poonai moved to dismiss the complaint for lack of subject matter jurisdiction. The district court agreed with the Poonais' contention that the facts alleged in the complaint presented no actual case or controversy, and thus granted the motion to dismiss. The Drs. Hendrix have appealed to this court, presenting us with the question whether the facts alleged in their complaint describe a "controversy" within the meaning of that term as used in article III, section 2 of the United States Constitution and in the Declaratory Judgment Act.

The Constitution limits the jurisdiction of all article III courts to "cases" and "controversies." U.S.Const. art. III, § 2. The Declaratory Judgment Act, 28 U.S.C. § 2201, permits federal courts to declare the rights of parties only in cases involving an "actual controversy."[6] The statutory standard for determining whether an "actual controversy" exists within the meaning of the Declaratory Judgment Act is the same as that under the "case or controversy" requirement of the Constitution. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937); *Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979); *Cass County v. United States*, 570 F.2d 737, 739 (8th Cir. 1978); *Super Products Corp. v. D P Way Corp.*, 546 F.2d 748, 753 (7th Cir. 1976).

The Supreme Court has defined a "controversy" in the Constitutional sense as

one that is appropriate for judicial determination.... The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.... It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. at 240–41, 57 S.Ct. at 464 (citations omitted). In similar language, the Court has articulated the test for an "actual controversy" under the Declaratory Judgment Act:

Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

Of necessity, the determination whether a "controversy" is presented must

---

5. Appellants contend that any action taken on the readmission application would be either "state action" under the line of cases following *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), or protected First Amendment petitioning under the "*Noerr-Pennington* doctrine," *Eastern Railroad President's Conference v. Noerr*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961); *United Mine Workers of America v. Pennington*, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965). We express no opinion on this issue.

6. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in pertinent part:

In a case of *actual controversy* within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.... (Emphasis added.)

be made on a case-by-case basis. *Mobil Oil Corp. v. Oil, Chemical & Atomic Workers Int'l Union*, 483 F.2d 603, 607 (5th Cir. 1973). As the Supreme Court observed in *Maryland Casualty Co. v. Pacific Coal & Oil Co., supra* :

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy.

312 U.S. at 273, 61 S.Ct. at 512. Thus, we must apply the long-standing principles discussed above to the facts alleged in appellants' complaint to determine whether this case presents a justiciable "controversy," without which the judicial power conferred upon the federal courts by article III may not be exercised.

■ We conclude that the appellants' complaint does not present a live controversy, but rather an abstract question "based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967). The hypothetical nature of the dilemma alleged by the appellants is made clear by the fact that if Dr. P. V. Poonai's readmission application is approved (and we must assume that it might be), the potential for further antitrust litigation against the appellants no longer will exist. In essence, the appellants are seeking a declaration that *if* they deny appellee's readmission application, and *if* the appellee subsequently brings an antitrust action based on that denial, then the appellants will be protected from liability by virtue of the *Parker v. Brown* and *Noerr-Pennington* doctrines.[7] We believe that a declaration to this effect would constitute an impermissible "opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. at 241, 57 S.Ct. at 464.

Persons occupying positions of responsibility, like the appellants, often must make difficult decisions that can have adverse consequences for others. The possibility of being sued by those adversely affected is an inherent risk faced by the decisionmakers. Needless to say, the decisionmakers would benefit greatly by having guidance as to the potential legal ramifications of their decisions. Furnishing such guidance prior to the making of the decision, however, is the role of counsel, not of the courts. In this case, the federal courts can become involved, if at all, only after the decision is made to deny Dr. P. V. Poonai's readmission application. In the absence of such a denial, Dr. P. V. Poonai does not have a cause of action upon which he may carry through with his alleged threats of litigation, and as this circuit observed in *Brown & Root, Inc. v. Big Rock Corp., supra*, "[t]here [can] be no judicial determination that a valid defense exist[s] to a non-existent cause of action." 383 F.2d at 665.

We hold that the appellants' complaint fails to allege the required "controversy." Therefore, the district court's order granting appellees' motion to dismiss for lack of subject matter jurisdiction is AFFIRMED.