518 A.2d 853

**Jack MADDEN, Dick Bavetta, Joe Gushue, Paul Mihalak, Jake O'Donnell, Ed Rush, Joe Crawford, Jess Thompson, John Vanak, Jim Wishmeir and Richard G. Phillips**

v.

**NATIONAL ASSOCIATION OF BASKETBALL REFEREES, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1986.

Filed Dec. 12, 1986.

Richard H. Harkowitz, Philadelphia, for appellant.

James J. Gillespie, Jr., Philadelphia, for appellees.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

MONTEMURO, Judge:

The National Association of Basketball Referees (NABR), a labor organization and collective bargaining unit, brings this appeal from two orders of May 14, 1985, entered in the Court of Common Pleas of Philadelphia County. The first of these denies appellant's motion for summary judgment; the other denies appellant's motion to dismiss. On the same date the court reaffirmed a prior order (April 5, 1985) granting injunctive and declaratory relief.[1]

---

**1.** Appellee argues that this appeal should be quashed as interlocutory. Insofar as the appeal from the order of summary judgment is con-

The genesis of this case was a meeting of the NABR membership held March 12, 1984, at which a majority of the members voted (18 to 10) to discharge from his position as retained counsel for the union, Richard G. Phillips, Esq., involuntary plaintiff/appellee herein. Thereafter, on March 19, ten individual members[2] filed a complaint in equity seeking injunctive and declaratory relief, claiming Phillips' dismissal to have been violative of certain employment agreements with the union. It was asserted that because of acceleration clauses in these contracts, the breach would occasion such significant money damages as to adversely affect both the future of the union as a whole, and its membership as individuals whose employment would be jeopardized. The court acceded to appellees' requests, by issuing a temporary restraining order, and after a series of hearings, continued operation of the injunction. An Overseer[3] was appointed to arrange for and conduct a reprise of the disputed election. This meeting was never convened, as, after a series of attempts at negotiations, the court rescinded its order for a vote on Phillips' employment until after a trial on the merits of the underlying complaint. Appellants filed subsequent motions for summary judgment (December 18, 1984) and to dismiss (January 29, 1985), both of which were denied on May 14, 1985, precipitating this appeal.

Appellant claims that the court erred with respect to all of these orders, positing as its sole supporting theory the impropriety of a declaratory judgment action under the circumstances of this case.

cerned, appellee is correct, *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984), and that aspect of the appeal is quashed. However, Pa.R.A.P. 311(a)(4) states that appeals as of right may be taken from:

> An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.

2. All but two of the original ten plaintiffs have since withdrawn.

3. The fees due the Overseer are the subject of a companion appeal at 1876 Philadelphia 1985, J. 42005/86.

Specifically, it is argued that the outcome of a trial on the merits, that is, whether and to whom liability would accrue from breach of Phillips' contracts, would, in view of the trial court's finding that the original vote was illegal, constitute an advisory opinion only, since there is no discharge unless and until a re-vote on termination is taken. Based on the premise that no controversy exists because Phillips was not in fact fired, appellant suggests that the court has only the alternatives of reinstating the results of the original vote, or vacating prior orders enjoining a new election.

Appellant's argument must fail.

The Declaratory Judgment Act, 42 Pa.C.S.A. § 7533, reads as follows:

### § 7533.  Construction of documents

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

The prophylactic nature of the statute is further elucidated by § 7534,[4] which provides that the declaration may be made in advance of an actual breach of contract. What is required as a condition precedent to declaratory relief is a justiciable controversy which will be terminated once the declaration issues. See 11 Standard Pennsylvania Practice, 2d § 66:18–27 (1982 ed.).

To support its claim that there is no live controversy, appellant relies upon the holding in *Chester Upland School Dist. v. Commonwealth*, 90 Pa.Cmwlth. 464, 495 A.2d 981 (1985). There the school district sought a declaratory judgment as to the constitutionality and application of an amendment to a certain section of the Public School Code

---

**4.  § 7534.  Before breach of contract**
A contract may be construed either before or after there has been a breach thereof.

1949, 24 P.S. § 11–1106. However, the court found the requested relief to be inappropriate because the "events which could give rise to an actual controversy, have not yet, and may never occur." *Id.* at 468, 495 A.2d at 983.

Appellant also relies upon *Hendrix v. Poonai*, 662 F.2d 719 (11th Cir.1981), a case based on the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, which also found no justiciable controversy where the action for which declaratory relief was sought had not yet been performed. The court found that there, too, the complaint was "based upon the possibility of a factual situation that may never develop." *Id.* at 722.

In neither case is the equation made an accurate one. The events giving rise to the controversy herein have taken place, regardless of appellant's attempts to erase them and begin again. There is not, nor can there be, a sense of latency or anticipation analogous to the authorities cited, since it is a disputed action which has itself motivated this litigation. In this regard, appellant has neglected to mention in insisting upon the employment contracts as the only pivotal question, that there are two necessary components herein, both involving the construction of documents and each inextricably entwined with the other; the first is the union constitution and the question of legality surrounding the election; the second is the employment contracts.

The Declaratory Judgment Act is a remedial statute and as such must be construed liberally. § 7541(a). Under this principle, the simultaneous resolution of both facets of the underlying cause seems to us not only proper but necessary. The dispute necessary to invoke declaratory relief has already dragged on for more than two years in our courts.

Appellant's continuing efforts to forestall the inevitable [5] render his position ludicrous, albeit consistent. Because the

5. There have been at least three attempts to transfer this action to federal court. Additionally, trial on the merits was initially scheduled for December 3, 1984.

relief sought is entirely within the ambit of the statute, we will allow no further delay.

Case remanded for trial on the merits. Jurisdiction is relinquished.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I believe that the orders from which appeal is taken are interlocutory and not properly appealable. Accordingly, I dissent and would quash this appeal.

One of the orders from which appeal is taken denies a motion for summary judgment. As Judge Montemuro has noted, the law is clear that such an order is interlocutory and unappealable. *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984). The other order from which appeal is taken denies a motion to dismiss and to disqualify involuntary plaintiff Phillips from representing the NABR. This order concludes with the language "It is further ORDERED that this Court's Order of April 5, 1984, shall remain in effect." Order dated 5/14/85, filed 5/16/85.

The order of April 5, to which the May order refers, states that:

> it is hereby ORDERED and DECREED that the injunction order issued by Judge White on March 19, 1984, is continued herein as the Order of this Court and the defendant NABR and its officers, agents, servants and/or employees, are enjoined and restrained, temporarily until decision, or further Order of this Court, from notifying plaintiff Phillips that his contracts and agreements with defendant NABR are terminated; and further that the said defendant, National Association of Basketball Referees, and its officers, agents and employees are hereby enjoined and restrained, temporarily until decision, or further Order of this Court, from terminating plaintiff Phillips as General Counsel for the NABR.

The April 5, 1984 Order by its express language continues a prior injunction order. The court explains in detail the substantive content of the injunction. The sole purpose of the April 5 order is to continue an earlier injunction order. By comparison, the court in its May 14, 1985 order rules on a defense motion to dismiss and to disqualify involuntary plaintiff Phillips from representing the NABR. The court refers to the April 5, 1984 order and states that it shall remain in effect. The court does not detail the substantive aspects of the injunction, as it does on April 5, 1984 when it explicitly continues the injunction. I do not believe that the mere reference to the April 5 order converts the May 14 order into an order continuing an injunction order under Pa.R.A.P. 311(a)(4). In my view, such a reference does not render appealable, this otherwise unappealable order. Accordingly, I would quash this appeal as interlocutory.