COCONUT GROVE HOUSE, INC., Coconut Grove Park Homeowners Association, Inc., et al., Plaintiffs,

v.

The UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendants.

No. 92–0331–CIV.

United States District Court, S.D. Florida, Miami Division.

June 30, 1992.

Theodore Klein, Paul R. Lipton, Miami, Fla., for plaintiffs.

Larry Bardfeld, Asst. U.S. Atty., Miami, Fla., for defendants.

### ORDER GRANTING MOTION TO DISMISS

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss. The Court grants the Motion finding that at this time there is no controversy ripe for judicial review.

The federal government contemplates leasing an unused Naval Reserve Center to the Miami Coalition for the Homeless in accordance with Title V of the McKinney Act. 42 U.S.C. § 11411.

Plaintiffs are persons residing, owning property, or doing business in the vicinity of the naval center. They allege that irreparable injury and harm to their property interests will result from the anticipated lease of the naval center to the Homeless Coalition for use as a homeless facility.

Plaintiffs challenge this proposal, claiming violations of the National Environmen-tal Policy Act (NEPA) and its regulations, the McKinney Act and its interim final rules, and the Administrative Procedures Act (APA). The Defendants make their motion to dismiss on three grounds:

1) Plaintiffs lack standing to pursue these claims because they fall outside of the zone of interests protected by the NEPA and the McKinney Act.

2) the claims are not ripe for judicial review because no lease has currently been signed with the Coalition.

3) the claims are not actionable as a matter of law. Notwithstanding the Plaintiffs' eloquent arguments in opposition to the present motion to dismiss, the motion is GRANTED.

### Legal Analysis

Before addressing the issues raised by the parties concerning violations of the National Environmental Policy Act, the McKinney Act, and the Administrative Procedures Act, this Court must first determine whether these issues are presently properly before this Court. *See, Buckley v. Valeo*, 424 U.S. 1, 113–14, 96 S.Ct. 612, 679–80, 46 L.Ed.2d 659 (1976).

The Plaintiffs seek a declaratory judgment to prevent the execution of the lease.[1] At the outset it is important to note that the Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts but rather is "operative only in respect to controversies which are such in the constitutional sense.... Thus the operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617, reh. denied, 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889. Consequently, a party seeking declaratory relief must satisfy the same jurisdictional requirements prerequisite to the bringing of other suits. *Wendy's Intern., Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir.1989); *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir.1967). Chief among

---

1. The Plaintiffs also seek injunctive relief and the issue of injunctive relief will be appropriate-ly addressed later in this order.

these is the constitutional limitation of the judicial power to cases and controversies. *Wendy's Intern., Inc. v. City of Birmingham,* 868 F.2d at 435.

■ Whether a case or controversy exists must be determined on a case-by-case basis. *Id.* at 435–36; *Hendrix v. Poonai,* 662 F.2d 719, 721–22 (11th Cir.1981). This is so because, as the Supreme Court has explained,

> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. In order to be justiciable in the federal courts, a claim must be 'ripe' for judicial review.

*Maryland Casualty Co. v. Pacific Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941); *Wendy's Intern., Inc. v. City of Birmingham,* 868 F.2d at 436. Put another way, "a controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Wendy's Intern., Inc. v. City of Birmingham,* 868 F.2d at 436 (*quoting Brown & Root, Inc. v. Big Rock Corp.,* 383 F.2d at 665).

In order to be justiciable in the federal courts, a claim must be "ripe" for judicial review. *See, Toilet Goods Assoc., Inc. v. Gardner,* 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967). Ripeness is required

> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effect

felt in a concrete way by the challenging parties.

*Abbott Laboratories, Inc. v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Unripe issues should not be decided because they depend upon "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." *Federal Election Commission v. Lance,* 635 F.2d 1132, 1138 (5th Cir.), *cert. denied,* 453 U.S. 917, 101 S.Ct. 3151, 69 L.Ed.2d 999 (1981) (*quoting* 13 Wright, Miller & Cooper, Federal Practice and Procedure § 3532 (1975)).

■ In the present case, the Plaintiffs have sued to challenge a lease that has yet to be executed. Indeed, while the execution of the lease may be well contemplated, there is a possibility it might never occur. Therefore, at this time, this case is not ripe for judicial review.

Plaintiffs cite but one case for the proposition that this case is currently ripe for judicial review. That case, *Piledrivers' Local Union No. 2375 v. Smith,* 695 F.2d 390 (9th Cir.1982), could hardly be more different than the present case.

The lawsuit in *Piledrivers'* was initiated by a union in an attempt to force the Attorney General of the United States to enforce the immigration laws to prevent the employment of certain workers by a foreign corporation. Contrary to this situation, where all parties concede that the federal agencies have yet to take the action that plaintiffs seek to prevent, the *Piledrivers'* defendants did not plan to take any further action. Indeed, the union sued precisely because the federal government had not taken action which the plaintiffs deemed necessary.

Furthermore, in *Piledrivers',* the corporation was under a contractual obligation to perform the work which the union sought to prevent. In the present case, neither the Miami Coalition for the Homeless nor the federal government has undertaken any contractual obligation. Until a lease is executed, the nature of future obligations in this regard will remain unknown and cannot be said to mature into a credible certainty.

Additionally, and more specifically addressing the plaintiffs' request for injunctive relief, a major consideration that led the Ninth Circuit to conclude that the controversy in *Piledrivers'* was ripe for review was the fact that the work that the union wished to prevent would take less than one month to complete. *Piledrivers' Local Union No. 2375 v. Smith*, 695 F.2d at 392. Therefore, the Court was concerned that the union would face irreparable harm if the union was not allowed to sue until the work actually began. In the present case, the plaintiffs face no such harm. As the plaintiffs themselves admit,[2] the use of the Center to which they object will not likely begin until many months after execution of a lease.

If the plaintiffs had brought suit after execution of the contemplated lease of the naval center, there would have been no question that the controversy was of a justiciable nature. However, the conclusion of this Court is that at this time there is no controversy to which the judicial power of this Court extends. Accordingly, this Court must resist the temptation to deal with the questions raised by the Plaintiffs concerning violations of the National Environmental Policy Act, the McKinney Act, and the Administrative Procedures Act.

Based on the foregoing, it is

ADJUDGED that the Defendants' Motion to Dismiss is GRANTED as this case is not ripe for judicial review.

DONE AND ORDERED.

---

**2.** On page 13 of the Plaintiffs' Memorandum in opposition to the Motion to Dismiss the Plaintiffs concede that "the modifications anticipated in the Coalition application are so extensive that one phase will take eighteen months, the other, thirty-six months, and two of the buildings may be completely demolished."