### A. Dewayne OLDHAM

v.

### The AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF TENNESSEE, INC.

No. 3–93–0472.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 30, 1994.

John Russell Heldman, Heiskell, Donelson, Bearman, Adams, Williams & Caldwell, Nashville, for plaintiff.

William McMillian Leech, Jr., James W. White, Waller, Lansden, Dortch & Davis, Nashville, for defendant ACLU.

## MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendant's renewed motion (filed November 5, 1993; Docket Entry No. 39) to dismiss and the plaintiff's response (filed December 3, 1993; Docket Entry No. 44). For the reasons set forth below, the defendant's motion shall be denied, and this action shall be remanded to the Chancery Court of Sumner County, Tennessee.

### I.

This is a school-prayer case with an unusual twist. A high school principal brings the action against the American Civil Liberties Union in response to the ACLU's threat to pursue litigation concerning prayers at high school graduation ceremonies.[1]

---

**1.** In a typical school-prayer case, parents bring the action against school officials in an effort to stop religious activities at school. *See, e.g., Engel v. Vitale,* 370 U.S. 421, 82 S.Ct. 1261, 8 L.Ed.2d 601 (1962); *School Dist. of Abington v. Schempp,* 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963); *Lee v. Weisman,* 505 U.S. ——, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992). The parents are often represented by the ACLU. *The Oxford Companion to the Supreme Court of the United States* 1, 254 (Kermit L. Hall ed. 1992). The Court is aware of no other cases in which a school official preemptively has sued the ACLU.

In early May, 1993, the ACLU sent a letter to Tennessee public school officials. The letter stated, in part, that the Supreme Court's recent decision in *Lee v. Weisman,* 505 U.S. ——, 112 S.Ct. 2649, 120 L.Ed.2d 467 (1992), precluded all speakers, including students, from leading prayers at graduation ceremonies. The letter further stated: "Please understand that if your school system does sponsor prayer at its graduation ceremonies and we are contacted by students and their families, we will most likely pursue litigation." Exhibit No. 1 to second amended complaint (filed October 25, 1993; Docket Entry No. 38).

The plaintiff, who is the principal of Westmoreland High School in Westmoreland, Tennessee, was provided a copy of the ACLU letter. Several students later asked him whether they could give a prayer at the upcoming Westmoreland High School graduation ceremony. Fearing a lawsuit by the ACLU, the plaintiff declined to authorize any prayers. However, because he thought it would violate the students' civil rights to forbid prayers, he told the students "that he could not tell them that they could not pray, but that he could not tell them that they could pray." Second amended complaint ¶ 22.

On May 30, 1993, several students stood and recited "The Lord's Prayer" during the Westmoreland High School graduation ceremony. The ACLU did not initiate any legal action in response to the prayer.

The plaintiff filed this action in the Chancery Court of Sumner County, Tennessee, on June 7, 1993. *See* exhibit No. 1 to notice

(filed June 17, 1993; Docket Entry No. 1) of removal. He seeks a declaratory judgment to the effect that the First Amendment does not prohibit student-led prayers at high school graduation ceremonies and that a Tennessee statute authorizing such prayers is constitutional.[2]

■ The ACLU removed the action here pursuant to 28 U.S.C. § 1441(b). In the notice of removal, the ACLU asserts that this Court has original jurisdiction because the action arises under the First Amendment to the United States Constitution. Contemporaneous with its notice of removal, the ACLU also filed a motion (filed July 17, 1993; Docket Entry No. 4) to dismiss.[3] In this motion, the ACLU states that the action should be dismissed because (1) the complaint is not "justiciable;" (2) there is no actual "case or controversy;" (3) the plaintiff lacks "standing;" and (4) the matters alleged are not "ripe" for a judicial decision.[4]

II.

*a. Jurisdiction.*

■ The federal courts are courts of limited jurisdiction. They may only resolve those "cases" and "controversies" listed in Article III, Section 2 of the Constitution. Where there is no case or controversy, federal courts lack authority to render a decision, regardless of the subject matter. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 757–58, 70 L.Ed.2d 700, 708 (1982). The Declaratory

---

**2.** The statute at issue provides, in part, that "non-sectarian and non-proselytizing voluntary benedictions, invocations or prayers, which are initiated and given by a student volunteer or student volunteers may be permitted on public school property during ... school-related commencement ceremonies." Tenn.Code Ann. § 49–6–1004(c). The Attorney General of Tennessee has opined that this statute is unconstitutional, but it went into effect anyway on June 10, 1993.

In his original complaint, exhibit No. 1 to notice of removal, the plaintiff also sought a temporary restraining order enjoining the ACLU from filing or threatening to file lawsuits pertaining to student-led prayer. The plaintiff no longer seeks injunctive relief in his second amended complaint.

**3.** The ACLU purports to move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the plaintiff has failed to state a claim on which relief can be granted. In fact, as explained below, the basis of the ACLU's motion is lack of subject matter jurisdiction, and the motion should have been made pursuant to Rule 12(b)(1). Nevertheless, a party is not to be prejudiced for misidentifying a Rule 12(b)(1) motion. 5A Wright & Miller, *Federal Practice and Procedure,* § 1350 n. 20 (2d ed. 1990).

**4.** In the renewed motion to dismiss, which is now before the Court, the ACLU incorporates by reference the same grounds for dismissal that it asserted in its original motion to dismiss.

Judgment Act, 28 U.S.C. §§ 2201–02, did not expand the jurisdiction of the federal courts, only the remedies they may provide. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194, 1199 (1950).

■ The question of whether a case or controversy exists has given rise to a variety of doctrines. But whether courts speak in terms of "justiciability," "standing," or "ripeness," they all are asking the same question: does a case or controversy exist? 13 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3529 n. 5 (2d ed. 1984). A mere disagreement about the law is not enough, even if the parties are passionate in their positions. *Valley Forge Christian College*, 454 U.S. at 486, 102 S.Ct. at 766, 70 L.Ed.2d at 718. For a dispute to rise to the level of a case or controversy it must be "definite and concrete, touching the legal relations of parties having adverse legal interests" and "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617, 621 (1937).

■ Here, the ACLU has made a vague threat to "pursue legal action" if it learns that a school system has sponsored prayers at a graduation ceremony. Would the ACLU file a lawsuit? What would the allegations be? Who would the parties be?[5] The Court can only speculate as to the answers. However, Article III of the Constitution forbids it from rendering a decision on hypothetical facts.

The plaintiff relies heavily on *City of Las Vegas v. Kitchell Contractors, Inc. of Arizona*, 768 F.Supp. 742 (D.Nev.1991), because the district court in that case found it had jurisdiction to issue a declaratory judgment after the defendant had threatened to sue the plaintiff. In that case, however, both of the parties to the threatened lawsuit were before the court, and there were no contingent facts. Here, in contrast, the Court does

not even know who the parties would be, much less what the underlying facts would be, if the ACLU ever were to carry out its threat to "pursue litigation."

■ Even assuming that the plaintiff genuinely wants to know the legality of student-led prayers so that he can instruct his students accordingly, he is not entitled to an advisory opinion from a federal court. *Zemel v. Rusk*, 381 U.S. 1, 20, 85 S.Ct. 1271, 1282, 14 L.Ed.2d 179, 192 (1965); *United Public Workers v. Mitchell*, 330 U.S. 75, 89–91, 67 S.Ct. 556, 564–65, 91 L.Ed. 754, 766–68 (1947). All persons who make decisions affecting the legal rights of others would benefit from legal advice. However, it is the role of lawyers, not courts, to render such guidance. *Hendrix v. Poonai*, 662 F.2d 719, 722 (11th Cir.1981).

Because this action does not present a case or controversy within the meaning of Article III of the Constitution, this Court lacks jurisdiction to render a decision.

### b. Remand.

Section 1447(c) of Title 28, United States Code, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." The Supreme Court has stated: "We also take note ... of 'the literal words of § 1447(c), which, on their face, give ... no discretion to dismiss rather than remand an action.' The statute declares that where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'" *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. ——, ——, 111 S.Ct. 1700, 1710, 114 L.Ed.2d 134, 151 (1991) (emphasis in original) (citations omitted).

■ Notwithstanding the mandate of Section 1447(c), the ACLU argues that this Court should "exercise its supplemental jurisdiction" and dismiss the plaintiff's state law claim for a declaratory judgment pursuant to Tennessee's Declaratory Judgment Act, Tenn.Code Ann. §§ 29–14–101 *et seq.* De-

---

5. The ACLU itself would probably lack standing as a plaintiff. *See Valley Forge Christian College,* *supra; Sierra Club v. Morton,* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

fendant's memorandum (filed June 17, 1993; Docket Entry No. 5) in support of motion to dismiss at 8. Supplemental jurisdiction, however, only exists where federal jurisdiction is already present. 28 U.S.C. § 1367(a). There being no federal jurisdiction here, the Court lacks supplemental jurisdiction over any state law claim.

The ACLU may be correct in its assertion that the Tennessee courts will find that this action is non-justiciable under Tennessee's Declaratory Judgment Act. *See Story v. Walker,* 218 Tenn. 605, 607–08, 404 S.W.2d 803, 804 (1966); *United States Fidelity & Guar. Co. v. Askew,* 183 Tenn. 209, 212–13, 191 S.W.2d 533, 534–35 (1946); *Parks v. Alexander,* 608 S.W.2d 881, 891–92 (Tenn.Ct. App.1980). That, however, is a question of Tennessee law for the Tennessee courts to decide. *International Primate Protection League,* 500 U.S. at 141–42, 111 S.Ct. at 1710, 114 L.Ed.2d at 151.

### III.

For the reasons set forth above, the Court shall deny the defendant's renewed motion to dismiss and shall remand this action to the Chancery Court of Sumner County, Tennessee.

An appropriate order shall be entered.