**In re SFD @ HOLLYWOOD, LLC, a Florida limited liability company, Debtor.**

**SFD @ Hollywood, LLC, a Florida limited liability company, Plaintiff,**

**v.**

**VCI Building, LLC, a Florida limited liability company, Defendant.**

**Bankruptcy No. 08–25185–BKC–RBR.**
**Adversary No. 08–1820–BKC–RBR–A.**

United States Bankruptcy Court, S.D. Florida, Broward Division.

Feb. 19, 2009.

Thomas M. Messana, Esq., Fort Lauderdale, FL, for Plaintiff.

Arthur H. Rice, Esq., Travis L. Vaughan, Ft. Lauderdale, FL, for Defendant.

### ORDER GRANTING MOTION TO DISMISS

RAYMOND B. RAY, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on January 14, 2009, upon the Motion to Dismiss, Abate and Strike (the "Motion to Dismiss") [D.E. 7] filed by Defendant VCI Building, LLC ("VCI"), and the Response thereto [D.E. 13] filed by Plaintiff SFD @ Hollywood, LLC (the "Debtor"). The Court has heard from counsel, reviewed the case file, and is otherwise duly informed. For the reasons delineated below, the Court will grant the Motion to Dismiss.

*Findings of Fact and Procedural Background*

The Debtor is the owner and developer of commercial property that is described in Exhibit A to the Complaint (the "Property"). The Property is located on Young's Circle in Hollywood, Broward County, Florida. The Great Southern Hotel is located on the Property. The Debtor purchased the Property from VCI on October 17, 2003, for $2.7 million.

The Debtor's original business model contemplates the acquisition of fourteen real property lots, and the construction of a nineteen story mixed residential and commercial project, and a parking garage (collectively, the "Project"). The Project would preserve and restore the historic components of the Great Southern Hotel.

In connection with the Debtor's acquisition of the Property, the Debtor and VCI entered into an option agreement, dated October 17, 2003 (the "Option Agreement"). Pursuant to the Option Agreement, VCI has the right to purchase the retail space and related parking rights within the completed Project from the Debtor. The option expires on October 17, 2013. A formula, set forth in § 2(h) of the Option Agreement, determines what price VCI must pay the Debtor should it exercise the option. The Debtor alleges and VCI concedes, for purposes of the Motion to Dismiss, that the Option Agreement is an executory contract. The Debtor further asserts that the Option Agreement does not provide VCI with any lien rights in the Property, or any security interests in any of the Debtor's real or personal property.

Section 4 of the Option Agreement states:

In the event that [Debtor] does not obtain a certificate of completion for the Retail Component and deliver written notice thereof ... on or before the expi-

ration of five (5) years following the Effective Date ("Buy–Back Date"), then and in that event, [Debtor] shall be liable and obligated and shall pay to [VCI] on or before 30 days after receipt of written demand from [VCI], the sum of Six Million Dollars ($6,000,000) ("Buy–Back Consideration") which sum represents consideration for all of [VCI's] right, title and interest under the Option, and upon payment of the Buyback Consideration [sic] by [Debtor] to [VCI], this Agreement and the Option granted hereunder shall terminate and shall be automatically rendered null and voice and of no future force and effect.

This Order shall refer to the foregoing provision as the "Penalty Provision."

The Debtor asserts that to properly determine whether to assume or reject the Option Agreement, it requires the Court to rule on the counts set forth in the Complaint. Filed on December 4, 2008, the Complaint primarily seeks declaratory relief regarding the Option Agreement and Penalty Provision.[1]

VCI filed the Motion to Dismiss on December 29, 2008. The Motion to Dismiss asserts that the counts in the Complaint are not ripe for determination, primarily because the Debtor has not filed a motion to assume or reject the Option Agreement. In other words, VCI argues that the issues before the Court are hypothetical and that no actual controversy exists between the parties.

The issues present are therefore: (1) does the Court have jurisdiction over this matter, and (2) if so, does this matter warrant declaratory relief.

### Conclusions of Law

A motion to dismiss for failure to state a claim, tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996).

The first issue before the Court is that of jurisdiction. Pursuant to 28 U.S.C. § 1334(b), federal district courts have original jurisdiction over all civil proceedings that: (1) arise under title 11, or (2) arise in or are related to cases under title 11. 28 U.S.C. § 1334(b); *Welt v. MJO Holding Corp. (In re Happy Hocker Pawn Shop, Inc.),* 212 Fed.Appx. 811, 816 (11th Cir.2006) (citation omitted). The district courts typically transfer most of this jurisdiction to the bankruptcy courts. *See* 28 U.S.C. § 157. Specifically, bankruptcy judges may hear and determine all "core

---

**1.** The Complaint contains eight counts. Count I seeks a declaration that the Penalty Provision is unenforceable. Count II seeks a determination of the extent and validity of a lien arising from the Option Agreement. Count III seeks a determination of the cure that would be required should the Debtor assume the Option Agreement. Count IV seeks a declaration that any payment made by the Debtor pursuant to the Penalty Provision would not be an exchange for reasonably

equivalent value. Count V seeks a determination of the value of the Option Agreement. Count VI seeks a declaration that the doctrine of Equitable Tolling extends the Debtor's performance under the Option Agreement. Count VII seeks a declaration that the Debtor's performance under the Option Agreement is excused due to the impossibility of performance. Count VIII seeks recovery of attorney's fees pursuant to the Option Agreement.

proceedings," those proceedings which arise either under, or in a case under, title 11. *See* 28 U.S.C. § 157(b)(1); *In re Happy Hocker Pawn Shop,* 212 Fed.Appx. at 816.

■ The Eleventh Circuit defines core proceedings as follows:

[i]f the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. *If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under § 157(c)(1) it is an "otherwise related" or non-core proceeding.*

*Continental Nat'l Bank v. Sanchez (In re Toledo),* 170 F.3d 1340, 1348 (11th Cir. 1999) (*quoting Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir.1987)) (emphasis supplied). If a proceeding does not invoke a substantive right created by federal bankruptcy law and is able to exist outside of bankruptcy, it is not a core proceeding. *See In re Happy Hocker Pawn Shop,* 212 Fed.Appx. at 816; *In re Toledo,* 170 F.3d at 1348.

■ The Debtor has not moved to assume or reject the Option Agreement; indeed, the Complaint does not cite a substantive right created by bankruptcy law that is in need of adjudication. This proceeding could also exist outside of bankruptcy. Accordingly, this is a non-core proceeding in which the Court cannot enter a final order, absent consent of the district court and the parties. *See* 28 U.S.C. § 157(c).

Notwithstanding this result, the Court will address the declaratory relief issue.

■ The Declaratory Judgment Act (the "Act") permits federal courts to declare the rights of parties in cases that involve an actual controversy. 28 U.S.C. § 2201. The statutory standard for determining whether an "actual controversy" exists within the meaning of the Act is the same as that under the "case or controversy" requirement of the Constitution. *Hendrix v. Poonai,* 662 F.2d 719, 721 (11th Cir.1981). The Supreme Court has defined "controversy" in the Constitutional sense as "definite and concrete ... admitting of specific relief through a decree of conclusive character as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Hendrix,* 662 F.2d at 721 (*quoting Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). In other words, the Court may not grant declaratory judgment where a complaint presents an abstract question "based upon the possibility of a factual situation that may never develop" instead of a live controversy. *See Hendrix,* 662 F.2d at 722 (*quoting Brown & Root, Inc. v. Big Rock Corp.,* 383 F.2d 662, 665 (5th Cir.1967)).

By necessity, however, the Court must make the determination of whether a controversy exists on a case by case basis. *See Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941) ("The difference between an abstract question and a 'controversy' contemplated by the [Act] is necessarily one of degree, and it would be difficult ... to fashion a precise test for determining in every case whether there is a live controversy.").

■ As of the date of this Order, the Debtor has not moved to assume or reject the Option Agreement, objected to VCI's proof of claim, or filed a plan. The Debtor

is in effect seeking an advisory opinion stating what the legal ramifications of its actions will be should it assume or reject the Option Agreement (assuming the Option Agreement is indeed an executory contract). The Court cannot grant the relief sought in the Complaint without ruling upon an abstract question, based upon the possibility of a factual situation that may never develop. *See Hendrix*, 662 F.2d at 722 ("Persons occupying positions of responsibility . . . often must make difficult decisions that can have adverse consequences for others . . . Needless to say, the decision makers would benefit greatly by having guidance as to the legal ramifications of their decisions. Furnishing such guidance prior to the making of the decision, however, is the role of counsel, not of the courts.").

In light of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss [D.E. 7] is **GRANTED**. The adversary proceeding is **DISMISSED WITHOUT PREJUDICE.**