IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

June 05, 2023 11:45 AM
ST-2020-CV-00269
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

BEATRICE FLEMING, )
)
Plaintiff, )
)
)  Case No. ST-2020-CV-00269
vs. )
)
DR. BRIAN BACOT, M.D., DR. LIONEL MITCHELL, )  **ACTION FOR**
M.D., and DR. LINDA JACKSON, M.D. )  **MEDICAL MALPRACTICE**
)
Defendants. )
_____ )

### Cite as 2023 VI Super 31U

### MEMORANDUM OPINION

**¶1**     **THIS MATTER** is before the Court upon Defendants Dr. Brian Bacot and Dr. Linda

Jackson's (separately, "Bacot" and "Jackson"), Motion to Dismiss, pursuant to Virgin Islands Rule

of Civil Procedure 12(b)(6), filed on October 19, 2021 ("Motion").[1] Plaintiff Beatrice Fleming

("Fleming") filed an Opposition to Motion to Dismiss on October 22, 2021 ("Opposition").

**¶2**     For the reasons set forth herein, the motion will be denied because Fleming satisfied the

pre-filing requirements of a medical malpractice case by filing an initial complaint, ninety days in

advance, with the Office of the Commissioner of Health.

---

[1] The third defendant, Dr. Lionel Mitchell, did not file a motion to dismiss. A footnote in the Motion to Dismiss states there is no return of service for Lionel Mitchell, MD. However, Defendants' counsel filed an answer on behalf of Lionel Mitchell on May 24, 2021 - five months before filing the current Motion.

## FACTS

¶3     Fleming brought this action for medical malpractice against Bacot, Jackson, and Dr. Lionel Mitchell ("Mitchell")[2] on July 6, 2020 ("Verified Complaint"). The Verified Complaint states that the Court has jurisdiction pursuant to V.I. Code Ann. tit. 4, § 76(a), but acknowledges that the Medical Malpractice Action Review Committee ("Committee") has primary jurisdiction pursuant to V.I. Code Ann. tit. 27, § 166i(b).

¶4     Fleming's Verified Complaint alleges that on or about August 8, 2018, Jackson performed surgery on her to treat a swan neck deformity on her right thumb. Fleming then experienced complications from that operation and received subsequent, separate treatment from Bacot and Mitchell. Fleming alleges that she did not receive an adequate standard of medical care from Defendants - neither during surgery nor in the follow up care. The Verified Complaint provides details of the consequence of the treatment received, along with a timeframe of the events. Defendants Bacot, Fleming, and Mitchell filed an Answer on May 24, 2021.

## DISCUSSION

¶5     Bacot and Jackson move to dismiss the Verified Complaint for failing to state a claim upon which relief could be granted under Rule 12(b)(6); but their actual argument is that the Court lacks subject matter jurisdiction, which is better presented pursuant to Rule 12(b)(1). The crux of Bacot and Jackson's argument is that the matter must be dismissed because Fleming did not file an initial complaint with the Committee, within the Office of the Commissioner of Health ("OCH"), prior to commencing the suit at hand, as required by 27 V.I.C. § 166i.[3]

---

[2] The Defendants are private physicians who treated Fleming at the Global Foothills Building, in Estate Thomas, St. Thomas, USVI.

[3] Title 27, § 166i(b) of the Virgin Islands Code provides as follows:

¶6    Fleming counters that she met the pre-filing requirements of Section 166i because, on April 1, 2020, George Hodge, Jr., Esq., Fleming's counsel, personally hand-delivered the initial complaint to Celia Sebastien ("Sebastien") at the Risk Management office of the OCH. Fleming further claims Sebastien dated, signed her name, and accepted the initial complaint, on behalf of the Committee. Further, Fleming asserts that Sebastien stamped "RECEIVED" on the upper margin of the first page of the initial complaint.

¶7    Fleming then waited the required ninety days and, when no expert opinion was produced, Fleming filed her Verified Complaint with the Court on July 6, 2020. A photocopy of this "stamped complaint" with Sebastian's signature is attached to Fleming's Opposition. Fleming also included an email from Sebastien confirming receipt of the initial complaint on April 1, 2020. Pl.'s Opp'n Ex. 1A.

*Legal Standard*

¶8    The pre-filing requirements of Section 166i are considered jurisdictional issues.[4] Here, although the instant Motion is made pursuant to Rule 12(b)(6), Bacot and Jackson do not argue that Fleming failed to state a claim upon which relief could be granted; rather, they challenge the Court's jurisdiction over the matter, asserting that Fleming did not satisfy the pre-filing

---

No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; Provided further, That the commencement of the court action shall not prevent the Committee from obtaining the expert opinion.

[4] *Raymond-Benjamin v. Assefa*, 2020 VI 1; *Daley-Jeffers v. Graham*, 69 V.I. 931 (V.I. 2018); *Williams v. Juan F. Luis Hosp. Through Gov't of the V.I.*, 2019 VI Super 54U; *Richardson v. Schneider Med. Reg'l Ctr.*, Super. Ct. Civ. No. ST-17-CV-254, 2017 WL 6316624 (V.I. Super. Ct. December 4, 2017) (unpublished); *Racz v. Cheetham*, 2019 VI Super 99U; *Missar v. Bucher*, 46 V.I. 15 (V.I. Super. Ct. 2004).

requirements of Section 166i(b) before commencing this action. Indeed, all the case law cited by Bacot and Fleming contemplate the same issue at hand but under Rule 12(b)(1).

¶9     As such, the Court will consider the instant Motion to Dismiss as one made under the more appropriate Rule 12(b)(1) standard. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2023) ("[C]ourts should treat an improperly identified motion that actually challenges the court's authority or competence to hear the action as if it properly raised the jurisdictional point.); *cf. Moreno v. Kansas City Steak Company, LLC*, Civ. No. 17-CV-02029-DDC-KGS, 2017 WL 2985748, at *3 (D. Kan. July 13, 2017) (unpublished) ("[I]f the question whether the court should dismiss plaintiff's Complaint for failure to exhaust her administrative remedies is jurisdictional, then the court must consider defendant's motion as one under Rule 12(b)(1)."); *Oldham v. ACLU Found. of Tenn., Inc.*, 849 F. Supp. 611, 613 n.3 (M.D. Tenn. 1994) (converting Rule 12(b)(6) motion to Rule 12(b)(1) motion, while noting that "a party is not to be prejudiced for misidentifying a Rule 12(b)(1) motion"); *Riddle v. Trans World Airlines, Inc.*, 512 F. Supp. 75, 77 (W.D. Mo. 1981).[5]

*Analysis*

¶10    Generally, motions arguing that the Court lacks subject matter jurisdiction because the plaintiff failed to meet the jurisdictional prerequisites of Section 166i are considered as factual

---

[5] On August 22, 2022, the Court entered an order notifying the parties that Defendants' Motion to Dismiss would be converted to a motion for summary judgment in order for the Court to consider the attachments to Plaintiff's Opposition. As a result, the Court allowed the Defendants an opportunity to file a response to Fleming's Opposition, but they did not file a response. Nevertheless, on further review of the Motion, the Court has determined that it can consider the attachments without converting the motion to one for summary judgment since the motion is being considered under V.I. R. Civ. P. 12(b)(1). *See Williams v. Juan F. Luis Hosp. through Gov't of the V.I.*, 2019 VI Super 54U, ¶6 (Regarding a Rule 12(b)(1) factual challenge, the Court considered attachments outside the complaint to determine whether it had subject matter jurisdiction.).

challenges to the complaint. *Daley-Jeffers v. Graham*, 69 V.I. 931, 938, 939 n.8 (V.I. 2018); *Williams v. Juan F. Luis Hosp. through Gov't of the V.I.*, 2019 VI Super 54U, ¶6; *Hansen v. Governor Juan F. Luis Hosp. & Med. Ctr.*, Super. Ct. Civ. No. SX-15-CV-509, 2018 WL 4279447, at *3 (V.I. Super. Ct. June 22, 2018) (unpublished); *contra Racz v. Cheetham*, 2019 VI Super 99U, ¶16 (When the complaint alleged, on its face, that plaintiff had submitted a complaint with the Committee to satisfy Section 166i, the Court considered the challenge to the complaint as a facial one.).

¶11    The Court finds the 12(b)(1) challenge to be a factual attack. Here, the parties have thoroughly briefed the matter, Defendants have filed an Answer, and "the only legal reason why the Superior Court might not have jurisdiction . . . depends on *facts*, including whether [Fleming] filed the proposed complaint with the Committee at least 90 days before filing in court, and whether the Committee failed to respond within the statutory period." *Daley-Jeffers*, 69 V.I. at 939 n.8 (emphasis in original); *see Williams*, 2019 VI Super at ¶6 ("Defendants have not challenged any facts within the Complaint, except whether the Plaintiff filed her Complaint in accordance with [Section 166i], a fact asserted by the Plaintiff outside of the Complaint . . . ."). Accordingly, as a Rule 12(b)(1) factual challenge, the plaintiff carries the burden of proving the Court has jurisdiction, and the Court may weigh the evidence presented to satisfy itself of its power to hear the case. *Williams*, 2019 VI Super at ¶¶5-6; *Christopher v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, Super. Ct. Civ. No. SX-16-CV-97, 2016 WL 6069496, at *5 (V.I. Super. Ct. October 12, 2016) (unpublished).

¶12    "The Superior Court has jurisdiction over . . . actions against healthcare providers, provided pre-filing requirements are satisfied, under [Section 166i] . . . ." *Richardson v. Schneider Med.*

*Reg'l Ctr.*, Super. Ct. Civ. No. ST-17-CV-254, 2017 WL 6316624, at \*1 (V.I. Super. Ct. December 4, 2017) (unpublished). Under Section 166i, "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the Committee . . . ." 27 V.I.C. § 166i(b).[6] Once the initial complaint is delivered to the Committee, the Committee has ninety days to obtain an expert opinion on the complaint; if none is received within that timeframe, "the claimant may commence his action against the health care provider in court . . . ." *Id.*

¶13    Here, Fleming maintains that the initial complaint was appropriately delivered to the Committee and that she waited the ninety-day period before filing the Verified Complaint with the Court. Indeed, the Verified Complaint was a duplicate of the same stamped initial complaint that was hand delivered to Sebastien at the OCH. Moreover, Fleming included, as an exhibit to her Opposition, the email exchange between Attorney Hodge and Sebastien, who confirmed receipt of the initial complaint on April 1, 2020. Pl.'s Opp'n, Ex. 1A.

¶14    Fleming's Complaint details the alleged malpractice and the pain and suffering she allegedly endured. But the Complaint is silent on the filing with OCH. Nevertheless, under the laws of the Virgin Islands there is no indication that a plaintiff must go above what is delineated under Section 166i(b). In fact, a complaint need not directly allege its compliance with Section 166i(b). *Daley-Jeffers*, 69 V.I. at 939 n.9 ("Naturally, the proposed complaint filed with Committee will not include language demonstrating compliance with section 166i. [Thus, a]

---

[6] And "[t]he proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health . . . ." 27 V.I.C. § 166i(c). Delivery is not defined by the V.I. Code, but it has been defined as "[t]he formal act of voluntarily transferring something". *Delivery*, Black's Law Dictionary (11th ed. 2019).

proposed complaint resubmitted to the Superior Court will be equally devoid of such purported jurisdiction language which . . . section 166i does not require.").

¶15    The Court finds that Fleming has satisfied her burden of demonstrating the Court has jurisdiction over this action because an initial complaint was delivered to the OCH, and the requisite ninety-day period elapsed before she filed her suit in this Court. Therefore, Fleming satisfied the pre-filing requirement set forth in Section 166i.

*Statute of Limitations*

¶16    Claims brought against health care providers for medical malpractice must be filed within two years from the date of the alleged act, omission, or neglect. 27 V.I.C. § 166d. The statute of limitations on these claims, in general, begins to run when the patient knows that the existence and the cause of her injury constitutes medical malpractice. *Williams*, 2019 VI Super at ¶12 (citing *Frederick v. Ellet*, Super Ct. Civ. No. ST-11-CV-381, 2014 WL 785051, at *2, (V.I. Super. Ct. February 14, 2014)). Here, Fleming filed the Verified Complaint on July 6, 2020, and Fleming alleges that the initial malpractice incident – Jackson's surgery – occurred on or about August 8, 2018. Therefore, Fleming filed suit within two years of her surgery and at the first plausible date she received medically deficient treatment.

## CONCLUSION

¶17    As a result of the analysis above, Defendants Bacot and Jackson's Motion to Dismiss must be denied. The Court finds that Fleming has provided enough allegations to put Defendants on notice of the claims brought against them. Moreover, the Court can draw reasonable inferences to find that the requirement of § 166i(b) was met. Therefore, Bacot and Jackson's Motion must be

denied. An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

DATED: June 5, 2023

ATTEST:
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
    Court Clerk Supervisor 06/ 06/ 23

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands